NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5504-12T1

CASEY PIATT, BRUCE DAVIS,
TAMMY DAVIS, MICHAEL CORTES,
JOHN R. FALZONE, MADELINE McKENZIE,
TERRY BOWEN, FRED SIENA, BRUCE
VANMETER, KEVIN CARTER, MARK
MEZIS, STEVEN DAVIS, FRED
PIERCE, JR., JONATHAN JESTER,
VINCENT WOODRUFF, EDWARD POMPPER,
ROBERT BROBST, CHESTER OGDEN,
BRIAN TRUXTON, DAWN COSSABOON,
ANTHONY MADDEN, JAMES ROSS,
JAMES PITTMAN, JOSE L.
DeLaTORRE, JOHN L. MURRAY,
GREGORY W. WILLIAMS, DENNIS
TURNER, GERALDINE COX, EVA SOOY,
JOSEPH KARKOCHA, LINDA SCYTHES,
ALICE B. POYNTOS, CHARLES BURKHART,
BRIAN HORNER, JAMES SMITH, FARZIN
AFSHARKHAH, JOSEPH RAWS, SAMUEL
CROWE, CHRIS CLINE, RAY DILKS,
FRANK SPENCE, ROBERT W. MUSSO,
RONALD DOWNS, ANNIE STREET, JERE
GRIFFITH, RICARDO S. BASA,
BILLY WHILDON, JOHN CALDWELL,
MICHELLE DEVITO, EDMOND READ,
MICHAEL POLOFF, EDWIN DIAZ,
WAYNE PEARSON, CLYDE KOERNER,
GWENDOLYN STREET, LORENZO L. HARRIS,
BRIAN K. HILL, JAMES H. WILDEN, JR.,
DARLENE HOLT, EDWARD C. LeMATTY, III,
ALFRED PIERCE, RICHARD HAWN, ANGELO
GALARZA, DONNIE TOMLIN, MARVIN L.
JOHNSON, BILL FOWLER, JACK B.
SIMPKINS, DOUG DelCOLLO, RON SLADE,
RICK ROBBINS, WILLIAM WHILDIN, JOE
CAMBURN, DAN HAYES, THOMAS PLUTA,
MARK LATTANZI, MICHAEL SCATES,
DANIEL PIATT, CHRIS LEE, L.
SANFILIPPO, LAWRENCE DUSKI, DENNIS A.

APPROVED FOR PUBLICATION

November 18, 2015

APPELLATE DIVISION

GUNN, RIGOBERTO GONZALEZ, DAVID
PRICE, PAMELA BROWN-DAIRSOW,
PATRICIA WHITE, RANDELL BYERS,
LISA WRIGHT, ALBERT RIVERA, JAMES
HARROLD, GEORGE O. McCONNELL,
LARRY SAUL, GLENN CHAPMAN, ESTTE
KINZEL, ROBERT BRENNER, ISRAEL
REYES, EDWIN M. ZAYAS, EVEANNE M.
STINSON, and FRANK MANTEGNA,

 Plaintiffs-Appellants,

v.

POLICE AND FIREMEN'S RETIREMENT
SYSTEM, NEW JERSEY DEPARTMENT
OF CORRECTIONS, and STATE OF NEW
JERSEY,

 Defendants-Respondents.

---

Argued April 13, 2015 — Decided November 18, 2015

Before Judges Sabatino, Guadagno and Leone.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-44-11.

Mario A. Iavicoli argued the cause for appellants.

Jeff S. Ignatowitz, Deputy Attorney General, argued the cause for respondents (John J. Hoffman, Acting Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Mr. Ignatowitz, on the brief).

The opinion of the court was delivered by

LEONE, J.A.D.

Plaintiffs are State corrections officers employed by defendants, the New Jersey Department of Corrections and the State of New Jersey (collectively "NJDOC"). NJDOC hired plaintiffs as corrections officers after they turned thirty-five years old. As a result, plaintiffs were enrolled in the Public Employees Retirement System (PERS). Plaintiffs filed a complaint claiming they should be transferred to defendant, the Police and Firemen's Retirement System (PFRS), which has generally higher benefits but which also restricts initial enrollment to those not over thirty-five. N.J.S.A. 43:16A-3; N.J.A.C. 17:4-2.5(a). Judge Phillip S. Carchman dismissed plaintiffs' complaint with prejudice.

Plaintiffs appeal, claiming that the PFRS thirty-five-year age limitation cannot be applied to State corrections officers. However, the long history of PFRS makes clear that the Legislature intends to restrict PFRS membership to a person who is "not over 35 years" when he or she becomes a "policeman" or "fireman." N.J.S.A. 43:16A-3. The Legislature has expanded the definition of "policeman" to include a State corrections officer and, with only brief exceptions not applicable here, has mandated that they meet the age requirement for eligibility set for all PFRS members. That requirement serves the Legislature's goals of using PFRS's heightened benefits to encourage persons

to become officers while young and relatively fit, and to retire at a relatively early age. Moreover, the PFRS Board, by regulation, has properly applied this construction of the PFRS Act for more than forty years. See N.J.A.C. 17:4-2.5(a). Finally, we reject plaintiffs' constitutional challenges for substantially the same reasons given by Judge Carchman. Accordingly, we affirm.

## I.

In 2003, plaintiff Casey Piatt and sixty-two other plaintiffs filed a complaint in federal district court, challenging the application of the age restriction to corrections officers under the federal Employee Retirement Income Security Act (ERISA), 29 U.S.C.A. §§ 1001-1461, the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49, and contract law. Akers, et al. v. State of New Jersey, et al., Civ. No. 03-3920 (D.N.J.).[1] The court dismissed Piatt's ERISA claim because ERISA did not apply to governmental pension plans, and dismissed without prejudice his remaining state-law claims. Ibid. (Aug. 26, 2005).[2]

---

[1] The court dismissed all plaintiffs except for Piatt for failure to prosecute their claims after their counsel died while the federal lawsuit was pending. Ibid. (Jun. 27, 2005).

[2] See 29 U.S.C.A. § 1002(32), 1003(b)(1); see also N.J.S.A. 10:5-2.1 (providing that New Jersey's LAD does not "interfere with
(continued)

In 2010, Piatt and ninety-seven other plaintiffs filed a complaint in the Law Division in Camden County. Plaintiffs complained that when they were hired as corrections officers by NJDOC, they were enrolled in PERS rather than PFRS because they exceeded the maximum age limit for admittance into PFRS. They claimed the age limit of thirty-five in N.J.S.A. 43:16A-3 and N.J.A.C. 17:4-2.5(a) did not apply to them and, even if it did, was arbitrary, capricious, unreasonable, void, and unconstitutional. They demanded they be transferred into PFRS retroactive to the first day of their employment, with no assessment of the additional contributions they would have paid if they had been in PFRS during that period.

After defendants answered the complaint, the action was transferred to Mercer County.[3] Plaintiffs filed a motion for partial summary judgment. Defendants filed a cross-motion for summary judgment.

After hearing two days of oral argument, Judge Carchman issued a twenty-five-page oral opinion on May 29, 2013. In the

---

(continued)
the operation of the terms or conditions and administration of . . . any State or locally administered public retirement system").

[3] Prior to Judge Carchman's involvement, a Law Division judge dismissed thirty-seven plaintiffs, finding res judicata based on their dismissal from the federal lawsuit for failure to prosecute.

course of his opinion, Judge Carchman pointed out that the pension benefits of PFRS are greater than those of PERS in part because employees must contribute more per paycheck to PFRS than PERS. The court found at least two reasons why the public interest would require corrections officers to be appointed before age thirty-five in order to enroll in PFRS:

> First, restricting enrollment in this way benefits the public fiscally as fewer individuals are permitted to enroll, and secondly, and perhaps more importantly, this restriction benefits public safety as it provides an incentive for individuals to become corrections officers earlier in their career and to be able to retire earlier[,] allowing for what has been statistically established as a more fit and higher energy workforce.

By order dated June 5, 2013, Judge Carchman denied plaintiffs' motion, granted defendants' motion for summary judgment, and dismissed the complaint with prejudice.

## II.

Plaintiffs appeal the grant of summary judgment. Summary judgment must be granted if the court determines "that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c); accord Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 539-40 (1995). The summary judgment motions here addressed the applicability of the age limit in N.J.S.A.

43:16A-3, and the validity of the age limit in N.J.A.C. 17:4-2.5(a). "A ruling on summary judgment is reviewed de novo. We thus 'apply the same standard governing the trial court,' and do not defer to the trial court's . . . interpretation of 'the meaning of a statute'" or the validity of a regulation. Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405 (2014) (citations omitted). We must hew to that standard of review.

### III.

To properly address plaintiffs' claims, we review the statutory and regulatory history of the age limit, and of the inclusion of corrections officers as "policemen" under the PFRS Act, N.J.S.A. 43:16A-1 to -68.

The PFRS Act was originally adopted in 1944. L. 1944, c. 255. It established a retirement system "for policemen and firemen." N.J.S.A. 43:16A-2. The PFRS Act originally required applicants to PFRS to be appointed to their position by age thirty. Seire v. Police & Fire Pension Comm'n, 6 N.J. 586, 590 (1951); Bashwiner v. Police & Firemen's Ret. Sys., 68 N.J. Super. 1, 5 (App. Div. 1961). In 1968, that limit was raised to not over thirty-five years old. Simon v. Bd. of Trs., Police & Firemen's Ret. Sys., 233 N.J. Super. 186, 190 (App. Div.), certif. denied, 177 N.J. 652 (1989). Since 1968, the PFRS Act has provided that "any person becoming a full-time policeman or

fireman . . . shall become a member of this retirement system as a condition of his employment; he will be enrolled provided, that his age at becoming such full-time policeman or fireman is not over 35 years[.]" N.J.S.A. 43:16A-3(1).[4]

The PFRS Act allows the PFRS Board of Trustees to establish rules and regulations. N.J.S.A. 43:16A-13(a)(7). In 1971, the PFRS Board of Trustees adopted a regulation, entitled "age requirements," providing that "[a]pplicants are subject to a maximum age requirement which is 35 years." N.J.A.C. 17:4-2.5(a) (1971). Since 1983, the regulation has provided that all applicants to PFRS "must be appointed to an eligible title on or prior to their 35th birthday." N.J.A.C. 17:4-2.5(a); see Sellers v. Bd. of Trs. of the Police & Firemen's Ret. Sys., 399 N.J. Super. 51, 53 (App. Div. 2008) (applying N.J.A.C. 17:4-2.5(a)).

The Legislature repeatedly amended the definitions of "policeman" and "fireman" in N.J.S.A. 43:16A-1 to make additional titles covered by PFRS. Kossup v. Bd. of Trs., Police & Fireman's Ret. Sys., 372 N.J. Super. 468, 475 (App. Div. 2004). For many years, the definition of "policeman" did not include State corrections officers. See Koschker v. Bd. of

---

[4] The same limitation appears in N.J.S.A. 43:16A-3(2), which governs a "county, municipality, or political subdivision thereof" that adopts PFRS by referendum.

Trs., Police & Firemen's Ret. Sys., 233 N.J. Super. 209, 211 (App. Div. 1989). The Legislature passed a supplementary act in 1973 allowing certain State corrections officers to enroll in PFRS by adding their titles to N.J.S.A. 43:16A-1. See id. at 212 (citing L. 1973, c. 156, § 1); Allen v. Bd. of Trs., Police & Firemen's Ret. Sys., 233 N.J. Super. 197, 200 (App. Div. 1989) (same). The 1973 supplementary act also added N.J.S.A. 43:16A-62, which states:

> Eligibility for membership in the Police and Firemen's Retirement System of New Jersey shall be extended to all active, permanent and full-time officer employees of the State of New Jersey with police powers and holding one of the titles cited in section 1 of P.L.1944, c. 255 ([N.J.S.A.] 43:16A-1) who are otherwise eligible in accordance with the provisions of this act.

Also under the 1973 supplementary act, State corrections officers "then enrolled in PERS were offered a one-time opportunity to transfer their retirement fund membership to PFRS without cost and without regard to age" if they did so within ninety days. Koschker, supra, 233 N.J. Super. at 212 (citing L. 1973, c. 156, § 4 (codified at N.J.S.A. 43:16A-63(a))).

The 1973 supplementary act "did not, however, abolish the 35 year entry-age limitation; it was merely suspended. After the 90 day 'window of opportunity' elapsed, enrollment in PFRS was again limited to employees 35 years old or younger." Ibid.

Indeed, a 1975 amendment to the 1973 supplementary act provided that:

> Each new officer who begins employment following the effective date of this 1975 amendatory and supplementary act, shall be required to enroll in the Police and Firemen's Retirement System of New Jersey as a condition of employment, <u>provided he is otherwise eligible for membership by meeting the</u> appointment, <u>age</u>, and health <u>prescriptions required of all members</u>.
>
> [<u>N.J.S.A.</u> 43:16A-63(b) (emphasis added).]

A confused period of changing laws and interpretations followed the application to the States of the federal Age Discrimination in Employment Act (ADEA), 29 <u>U.S.C.A.</u> §§ 621-34. <u>See</u> <u>Sellers</u>, <u>supra</u>, 399 <u>N.J. Super.</u> at 55-57 & n.1; <u>Koschker</u>, <u>supra</u>, 233 <u>N.J. Super.</u> at 214-15. However, first temporarily and then permanently, <u>ibid.</u>, Congress amended the ADEA to allow States to use age as a criteria for hiring "law enforcement officer[s]." 29 <u>U.S.C.A.</u> § 623(j). This resulted in the renewed enforcement of the thirty-five-year age limit for eligibility for PFRS. <u>Sellers</u>, <u>supra</u>, 399 <u>N.J. Super.</u> at 56.

Indeed, in <u>Allen</u> and <u>Koschker</u>, we premised our decisions on the applicability of the thirty-five-year age limit to corrections officers. In <u>Allen</u>, we noted that, although Allen was appointed to a PFRS-eligible position as a State corrections officer, he "was not age-eligible to join PFRS because employees

over 35 were not permitted to join PFRS." Allen, supra, 233 N.J. Super. at 202 (citing N.J.S.A. 43:16A-3).[5] In Koschker, we similarly noted that the plaintiffs' positions as State corrections officers were made eligible for PFRS in the 1973 supplementary act because they "were over 35 at the time of the 1973 enactment." Koschker, supra, 233 N.J. Super. at 212. Because the plaintiffs failed to take advantage of the opportunity provided by the 1973 supplementary act to transfer into PFRS regardless of age, we held they were ineligible for PFRS because "enrollment in PFRS was again limited to employees 35 years old or younger." Id. at 218-19.

In 1989, the Legislature "eliminated the prior definition of policeman [under N.J.S.A. 43:16A-1] which consisted of a list of diverse job titles, and replaced it with 'prescribed fundamental criteria.'" Matter of Eligibility of Certain Assistant Union County Prosecutors to Transfer to PFRS under N.J.S.A. 43:16A-1 et seq., 301 N.J. Super. 551, 559 (App. Div. 1997) [hereinafter "Prosecutors"] (quoting Senate State Gov't Comm., Statement to S. 2602, at 1 (June 23, 1988)). The 1989 amendment rewrote N.J.S.A. 43:16A-1 to provide only two eligible

---

[5] Because Allen was appointed during one of the periods where the age limit was considered invalid under the ADEA, he was entitled to relief provided such persons under the former N.J.A.C. 17:1-12.7. Allen, supra, 233 N.J. Super. at 208-09; see Simon, supra, 233 N.J. Super. at 191.

titles, "policeman" and "fireman." N.J.S.A. 43:16A-2(a)(2). The 1989 amendment also made clear that to be a "member" of PFRS, a person had to be a "policeman or fireman included in the membership of the retirement system pursuant to this amendatory and supplementary act." N.J.S.A. 43:16A-1(3).[6]

The 1989 amendment provided a functional definition of a "policeman" which logically if not explicitly would include a State corrections officer:

> "Policeman" shall mean a permanent, full-time employee of a law enforcement unit as defined in section 2 of P.L.1961, c.56 (C.52:17B-67) or the State, other than an officer or trooper of the Division of State Police whose position is covered by the State Police Retirement System, whose primary duties include the investigation, apprehension or detention of persons suspected or convicted of violating the criminal laws of the State and who:
>
> (i) is authorized to carry a firearm while engaged in the actual performance of his official duties;
>
> (ii) has police powers;
>
> (iii) is required to complete successfully the training requirements prescribed by P.L.1961, c.56 (C.52:17B-66 et seq.) or comparable training requirements as determined by the board of trustees; and

---

[6] The 1989 amendment also required the Board to "review the positions of all members" to determine if each "position shall continue to be covered under the retirement system based upon the definitions of 'policeman' and 'fireman' in this act." N.J.S.A. 43:16A-1.2(a), (b).

(iv) is subject to the physical and mental fitness requirements applicable to the position of municipal police officer established by an agency authorized to establish these requirements on a Statewide basis, or comparable physical and mental fitness requirements as determined by the board of trustees.

[N.J.S.A. 43:16A-1(2)(a) (emphasis added).]

Finally, the 1989 amendment made clear that "[n]othing in this amendatory and supplementary act shall be construed as authorizing" the "enrollment in the retirement system of any person who was ineligible for membership" previously. N.J.S.A. 43:16A-1.2(c).

The 1989 amendment "was part of a series of amendatory laws intended to increase the retirement allowance of police officers and firefighters[,] and restrict and reduce membership in PFRS" to pay for those increased benefits. Prosecutors, supra, 301 N.J. Super. at 559. To meet that goal, the Legislature stressed the importance of the requirement that persons seeking to enroll in PFRS be appointed by the age of thirty-five:

The articulated objective was to encourage police officers and firefighters to "retire[] at a younger age, in order to protect the public." It was said in the legislative hearings that police officers and firefighters were to be given enhanced benefits "because the nature of [their] duties . . . requir[ed] a level of physical attributes [and energy] which [are] found, statistically speaking, among younger members." The underlying idea was to

> "facilitate" early retirement and "turnover within the system" by "giv[ing] better benefits."
>
> [Id. at 559-60 (quoting Hearing on S. 2602 Before the Assembly State Gov't Comm., 203rd Legis., 2d Sess., at 18 (Feb. 6, 1989) (Statement of Douglas Forrester, Director, Div. of Pensions)) (alterations in original).]

We have found that the 1989 amendment's "acknowledged purpose [was] to restrict eligibility and to reserve to the young and the fit active roles in police and firefighter activities." Id. at 560. Indeed, the 1989 amendment, like the 1973 supplementary act, required that a person employed in a position subsequently "covered by the retirement system is required to enroll in the retirement system as a condition of employment, provided the person is otherwise eligible for membership by meeting the appointment, age and health requirements prescribed for all members." N.J.S.A. 43:16A-1.2(b) (emphasis added); see N.J.S.A. 43:16A-63(b).

In 1993, the Legislature passed another supplementary act providing that "any correction officer . . . employed on the effective date of this supplementary act in the Department of Corrections who is enrolled in PERS" was "eligible, regardless of age," to "transfer membership from PERS to PFRS . . . by waiving, within 90 days of the effective date of this supplementary act, all" PERS benefits. N.J.S.A. 43:16A-3.8(a),

14

(a)(4), (b). "If an eligible person does not file a timely waiver of PERS benefits, the person's pension status shall remain unchanged and the person's membership shall not be transferred to PFRS." N.J.S.A. 43:16A-3.8(b).

This 1993 supplementary act was an exception that proves the rule governing current State corrections officers such as plaintiffs. The language and history of the PFRS Act shows that the thirty-five-year age limit long enshrined in N.J.S.A. 43:16A-3 and N.J.A.C. 17:4-2.5(a) applies to all persons eligible for PFRS because they fall within N.J.S.A. 43:16A-1's definitions of "policeman" and "fireman." That includes State corrections officers, as we indicated in Allen and Koschker.

IV.

Plaintiffs argue that there is no statute that explicitly requires that State corrections officers, when appointed, must be no older than thirty-five to be eligible for PFRS. To the contrary, that limitation is set forth in the same operative provision of the PFRS Act which makes any qualifying person "a member in this retirement system," namely N.J.S.A. 43:16A-3.

As set forth above, PFRS pensions are available only to a "policeman or fireman." N.J.S.A. 43:16A-3; see N.J.S.A. 43:16A-2 (creating a retirement system for "policemen and firemen"). Because N.J.S.A. 43:16A-3 only allows a person to enroll in PFRS

"provided, that his age at becoming such full-time policeman or fireman is not over 35 years," a State corrections officer is barred by statute from enrolling unless he meets that limit.

Plaintiffs argue that they are law enforcement employees, and that it is "[t]he definition of 'policeman' in N.J.S.A. 43:16A-1(2) [which] identifies those law enforcement employees who are to be admitted to the PFRS." N.J.S.A. 43:16A-1(2) does identify which persons hold a position that is eligible for admission to PFRS. Ibid. (providing, after the 1989 amendment, only two eligible titles: "policeman" and "fireman"); see also N.J.S.A. 43:16A-62 (requiring that a State officer must be "holding one of the titles cited in" N.J.S.A. 43:16A-1 to be eligible for PFRS). However, it is N.J.S.A. 43:16A-3 that provides that a "policeman or fireman . . . shall become a member of this retirement system." Thus, a State corrections officer, like any other "policeman," must meet the age requirement of N.J.S.A. 43:16A-3 to be enrolled in PFRS.

Moreover, both the 1975 and 1989 amendments expressly provided that each new officer must be "otherwise eligible for membership by meeting the . . . age . . . requirements prescribed for all members." N.J.S.A. 43:16A-1.2(b); see N.J.S.A. 43:16A-63(b). Both the 1993 amendment and the 1973 supplementary act confirmed that the age limit applies to State

corrections officers by providing one-time exceptions allowing "any correction officer . . . in the Department of Corrections" to transfer to PFRS "regardless of age." N.J.S.A. 43:16A-3.8(a)(4), (b); see Koschker, supra, 233 N.J. Super. at 212. As Judge Carchman found, these provisions "indicate a legislative intent" that the thirty-five-year-old age limit applies "to a broader swath of PFSR individuals than local police and firemen."

Plaintiffs cite language in N.J.S.A. 43:16A-3(1) that provides PFRS membership to any person who is a full-time policeman or fireman "in a county or municipality or fire district located in a township," without mentioning State officers. N.J.S.A. 43:16A-3(1). However, the Legislature has not opted to change who is eligible for PFRS by amending the quoted language from N.J.S.A. 43:16A-3, which has gone unchanged since 1944. See Seire, supra, 6 N.J. at 590. Rather, as set forth above, the Legislature has chosen to change who is eligible for PFRS membership by amending the definitions of "policeman" and "fireman" in N.J.S.A. 43:16A-1.

The Legislature repeatedly, over many decades, added State job titles to those definitions, and then in 1989 included any law enforcement employee of "the State" as a "policeman," and any employee of a firefighting unit of "the State" as a

"fireman." N.J.S.A. 43:16A-1(2)(a), (b). To read N.J.S.A. 43:16A-3 to apply only to a "policeman" or "fireman" employed by a county, municipality, or fire district would improperly render all of those amendments a nullity. State v. Terry, 218 N.J. 224, 237 (2014). "[I]t is well-established that a statute should not be construed in a manner that renders any portion of it a nullity." Smith v. Dir., Div. of Taxation, 108 N.J. 19, 27 (1987).

We cannot ignore the Legislature's inclusion of State employees in the definition of "policeman" and "fireman" in N.J.S.A. 43:16A-1(2), and the Legislature's use of those defined terms to determine membership in PFRS under N.J.S.A. 43:16A-3(1). While it would have been clearer for the Legislature also to add the words "the State" to the quoted language in N.J.S.A. 43:16A-3 to reflect the addition of State employees through the defined terms, the absence of those clarifying words cannot thwart the Legislature's obvious intent to include eligible State officers as members in PFRS, provided they meet its criteria.

Thus, we read N.J.S.A. 43:16A-3(1) to include as members of PFRS all qualified persons who fall within the definition of "policeman" and "fireman" in N.J.S.A. 43:16A-1(2), whether they are employed by the State, county, municipality, or fire

district in a township.  This reading prevents from being surplusage the language in N.J.S.A. 43:16A-1(2) including State officers within those definitions.

Moreover, our reading does not render redundant the quoted language in N.J.S.A. 43:16A-3(1), because it differentiates its two subsections.  N.J.S.A. 43:16A-3(1) makes PFRS membership available in "a county or municipality or fire district located in a township" where a pension for policemen and firemen had been established "prior to the date [the PFRS] act takes effect," whereas N.J.S.A. 43:16A-3(2) makes PFRS membership available in "any county, municipality or political subdivision thereof" where the PFRS act subsequently becomes effective pursuant to a referendum.

"'When interpreting different statutory provisions, we are obligated to make every effort to harmonize them, even if they are in apparent conflict.'"  St. Peter's Univ. Hosp. v. Lacy, 185 N.J. 1, 14 (2005) (quoting In re Gray-Sadler, 164 N.J. 468, 485 (2000) (finding one statute's instruction to provide a benefit qualified by a proviso in another statute)).  We have "'an affirmative duty to reconcile them, so as to give effect to both expressions of the lawmakers' will.'"  Ibid. (citation omitted).

Here, for more than seventy years, it has been the purpose of the PFRS Act to restrict membership to a person becoming a "policeman" or "fireman" when they are youthful, and currently "not over 35 years." N.J.S.A. 43:16A-3(1). The Legislature has been constant in enforcing that rule, with only brief exceptions when it allowed short windows for transfer when PFRS was extended to new classes of employees under the 1973, 1989, and 1993 supplementary acts.

The obvious reasons for restricting the age of enrollment were reiterated by the Legislature in its 1989 amendment, which incorporated State corrections officers into the current definition of "policeman." The Legislature's "acknowledged purpose [was] to restrict eligibility and to reserve to the young and the fit active roles in police and firefighter activities." Prosecutors, supra, 301 N.J. Super. at 560 (upholding the exclusion of assistant county prosecutors from PFRS).

The Legislature's purpose is achieved by reading the Legislature's acts and amendments as making eligible for PFRS only those persons who become State corrections officers when they are not over thirty-five. As Judge Carchman observed, the Legislature imposed this requirement to encourage persons to become State corrections officers when they have "'a level of

physical attributes [and energy] which [are] found, statistically speaking, among younger members.'" Id. at 559 (quoting Hearing on S. 2602 Before the Assembly State Gov't Comm., 203rd Legis., 2d Sess., at 18 (Feb. 6, 1989) (Statement of Douglas Forrester, Director, Div. of Pensions)). Thus encouraging persons to start their career as State corrections officers earlier also serves "to 'facilitate' early retirement and 'turnover within the system.'" Id. at 560 (same). See N.J.S.A. 43:16A-5 (permitting PFRS members to retire at age fifty-five if they have twenty or more years of service).[7] Finally, by restricting PFRS benefits to those who become State corrections officers earlier in life, it restricts eligibility, thus both "'protect[ing] the public'" fiscally and "giv[ing] better benefits" to those persons who begin their service at a younger age. Id. at 559-60 (same).

Plaintiffs argue that municipal firefighters and police officers cannot be hired if they are "over 35 years of age," N.J.S.A. 40A:14-12, -127, and that they have more vigorous jobs than corrections officers, who can be hired without such an age restriction. However, those arguments support refusing to make all corrections officers eligible for PFRS, and restricting PFRS

_____

[7] Plaintiffs note PFRS members are not required to retire until they turn sixty-five. N.J.S.A. 43:16A-5(1). That does not alter the legislative purpose to encourage earlier retirement.

eligibility to those persons who become corrections officers at a young age, bringing to the position the youthful vitality for which PFRS's higher benefits provide compensation, and encouraging the early retirement and turnover that PFRS seeks to elicit. Moreover, the Legislature can chose to limit PFRS eligibility even if it does not preclude the hiring of older persons.

Finally, plaintiffs argue that excluding from PFRS those persons who become State corrections officers when over thirty-five is contrary to the requirement that a "policeman" or "fireman" become a member of PFRS "as a condition of his employment." N.J.S.A. 42:16A-3(1). However, the Legislature qualified that phrase in N.J.S.A. 42:16A-3(1) with the proviso that "his age at becoming such full-time policeman or fireman is not over 35 years." Ibid. The Legislature similarly qualified the "condition of his employment" phrase in N.J.S.A. 43:16A-1.2(b) and -63(b) with the proviso that "the person is otherwise eligible for membership by meeting the . . . age" requirements. Ibid. As we stated in Allen, a person who becomes a State corrections officer after age thirty-five, "[a]lthough job-

eligible, [is] not age eligible" for PFRS. <u>Allen</u>, <u>supra</u>, 233 <u>N.J. Super.</u> at 208.[8]

V.

"Our construction of the statute is also supported by the long-standing administrative practice and interpretation of the Division of Pensions." <u>Prosecutors</u>, <u>supra</u>, 301 <u>N.J. Super.</u> at 561. For more than four decades, the PFRS Board's regulation interpreting these statutes has provided that all applicants for PFRS membership must be no older than thirty-five. <u>N.J.A.C.</u> 17:4-2.5(a). The Board's longstanding regulation that applicants "must be appointed to an eligible title on or prior to their 35th birthday," <u>ibid.</u>, adopts the interpretation which best fits the statutory history, language, and purpose, as set forth above. The Board's interpretation particularly accords with the Legislature's directions in the 1975 and 1989 amendments that a person in a position covered by PFRS is eligible for PFRS only if the person meets the "age" requirements prescribed "for all members." <u>N.J.S.A.</u> 43:16A-1.2(b); <u>N.J.S.A.</u> 43:16A-63(b).

---

[8] Because we find persons who become State corrections officers over age thirty-five are statutorily ineligible for membership in PFRS, we need not address defendants' argument that this interpretation is also supported by consideration of mandatory retirement ages.

"'An administrative agency's interpretation of a statute it is charged with enforcing is entitled to great weight.'" Prosecutors, supra, 301 N.J. Super. at 561 (quoting In re Saddle River, 71 N.J. 14, 24 (1976)); accord In re Freshwater Wetlands Prot. Act Rules, 180 N.J. 415, 431 (2004). "'[W]e must give great deference to an agency's interpretation and implementation of its rules enforcing the statutes for which it is responsible.'" St. Peter's, supra, 185 N.J. at 13 (quoting In re Freshwater Wetlands Prot. Act Rules, 180 N.J. 478, 489 (2004)). Such deference has been specifically extended to state agencies that administer pension statutes. See, e.g., Richardson v. Bd. of Trs., Police & Firemen's Ret. Sys., 192 N.J. 189, 196 (2007). "This deference comes from the understanding that a state agency brings experience and specialized knowledge to its task of administering and regulating a legislative enactment within its field of expertise." In re Election Law Enf't Comm'n Advisory Op. No. 01-2008, 201 N.J. 254, 262 (2010) (citing Kasper v. Bd. of Trs. of the Teachers' Pension & Annuity Fund, 164 N.J. 564, 580-81 (2000)).

Our deference is even greater because the Board has followed this interpretation for more than four decades. "Such continued interpretation and practice by the agency which

administers a statute is entitled to great weight." <u>Szczepanik v. State, Dept. of Treasury, Div. of Pensions, Public Emps.' Ret. Sys.</u>, 232 <u>N.J. Super.</u> 491, 504 (App. Div. 1989). Moreover, "the fact that the Legislature has not acted in response to an agency's interpretation or practice is 'granted great weight as evidence of its conformity with the legislative intent.'" <u>Klumb v. Bd. of Educ. of Manalapan-Englishtown Reg'l High Sch. Dist.</u>, 199 <u>N.J.</u> 14, 24-25 (2009) (citation omitted). Indeed, as Judge Carchman pointed out, the regulation's age limit "has been impliedly accepted by the Legislature in its temporary suspension[s] of the age limit" in 1973, 1989, and 1993. We give "'great weight'" to "the Legislature's apparent acquiescence" in, and "longstanding acceptance" of, the Board's interpretation. <u>Matturri v. Bd. of Trs. of the Judicial Ret. Sys.</u>, 173 <u>N.J.</u> 368, 382 (2002) (citation omitted).

Plaintiffs challenge the validity of the Board's regulation. However, "regulations promulgated by an agency in furtherance of a statutory scheme it is charged with enforcing are presumed to be valid." <u>Election Law Enf't Comm'n</u>, <u>supra</u>, 201 <u>N.J.</u> at 262. "'[T]he agency's interpretation of the operative law is entitled to prevail, so long as it is not plainly unreasonable.'" <u>Prosecutors</u>, <u>supra</u>, 301 <u>N.J. Super.</u> at

561 (quoting Metromedia, Inc. v. Dir., Div. of Taxation, 97 N.J. 313, 327 (1984)).

Plaintiffs claim that N.J.A.C. 17:4-2.5(a)'s thirty-five-year limitation is invalid because it is inconsistent with N.J.S.A. 43:16A-3.6. That section is part of an amendment effective in 1984 which added "county sheriff" to the now-deleted list of titles in N.J.S.A. 43:16A-1, and "permit[ted] an incumbent county sheriff to transfer from PERS to PFRS under some circumstances." Simon, supra, 233 N.J. Super. at 188 (citing L. 1983, c. 439). That amendment allowed such a transfer within ninety days by "[a]ny officer eligible to become a member pursuant to the amendatory provisions of this act." N.J.S.A. 43:16A-3.7. One eligibility requirement for such transfer was that "[n]o county sheriff shall qualify for membership in [PFRS] pursuant to this amendatory and supplementary act if he has reached the age of 37 years on the date of his application for membership." N.J.S.A. 43:16A-3.6.

We have already found that the 1984 amendment only created "a 37-year entry-age on transferees from PERS during the 90-day period allowed by N.J.S.A. 43:16A-3.7," and that the "general 35-year entry-age limit on membership for new employees" in N.J.S.A. 43:16A-3 would govern henceforth. Simon, supra, 233 N.J. Super. at 190. Thus, N.J.S.A. 43:16A-3.6 is just another

26                                                          A-5504-12T1

one-time transfer provision. It provides no basis for invalidating the otherwise-applicable thirty-five-year limit under N.J.S.A. 43:16A-3 and N.J.A.C. 17:4-2.5(a).

Therefore, as Judge Carchman ruled, "N.J.A.C. 17:4-2.5 must be recognized as reasonable and entitled to deference." As plaintiffs note, "'administrative regulations are not binding on the courts,'" St. Peter's, supra, 185 N.J. at 15 (citation omitted), and

> the deference afforded regulations does not go so far as to permit an administrative agency under the guise of an administrative interpretation to give a statute any greater effect than is permitted by the statutory language. Nor can agency regulations alter the terms of a legislative enactment or frustrate the policy embodied in the statute. If a regulation is plainly at odds with the statute, the court must set it aside.
>
> [Lourdes Med. Ctr. of Burlington Cty. v. Bd. of Review, 197 N.J. 339, 376 (2009) (citation omitted).]

However, plaintiffs have not carried their "'burden of proving the rule is at odds with the statute.'" St. Peter's, supra, 185 N.J. at 13 (citation omitted). Indeed, N.J.A.C. 17:4-2.5(a) is "entirely consistent with the statutory scheme," and precludes plaintiffs' demand for eligibility under the PFRS Act. Id. at 17. It is plaintiffs' argument, not the regulation, that seeks

27

to "extend [the PFRS] statute to include persons not intended." See <u>Serv. Armament Co. v. Hyland</u>, 70 <u>N.J.</u> 550, 563 (1976).

## VI.

Plaintiffs also contend that the thirty-five-year limitation violates the Equal Protection Clause of the United States and New Jersey Constitutions. However, "age is not a suspect classification under the Equal Protection Clause." <u>Kimel v. Fla. Bd. of Regents</u>, 528 <u>U.S.</u> 62, 83, 120 <u>S. Ct.</u> 631, 646, 145 <u>L. Ed.</u> 2d 522, 542 (2000) (citing <u>Gregory v. Ashcroft</u>, 501 <u>U.S.</u> 452, 470, 111 <u>S. Ct.</u> 2395, 2406, 115 <u>L. Ed.</u> 2d 410, 430 (1991)); <u>Boylan v. State</u>, 116 <u>N.J.</u> 236, 250 (1989), <u>cert. denied</u>, 494 <u>U.S.</u> 1061, 110 <u>S. Ct.</u> 1539, 108 <u>L. Ed.</u> 2d 778 (1990). "Nor is the right to membership in PFRS rather than in PERS a fundamental right." <u>Simon</u>, <u>supra</u>, 233 <u>N.J. Super.</u> at 197. Thus, "States may discriminate on the basis of age without offending the Fourteenth Amendment if the age classification in question is rationally related to a legitimate state interest." <u>Kimel</u>, <u>supra</u>, 528 <u>U.S.</u> at 83, 120 <u>S. Ct.</u> at 645, 145 <u>L. Ed.</u> 2d at 542; <u>In re C.V.S. Pharm. Wayne</u>, 116 <u>N.J.</u> 490, 502 (1989).

As Judge Carchman found, granting increased pension benefits to persons who become corrections officers when thirty-five years old or younger has a rational basis. <u>See</u> <u>Boylan</u>, <u>supra</u>, 116 <u>N.J.</u> at 250-51. We reject plaintiffs' constitutional

claims substantially for the reasons set forth in Judge Carchman's thorough opinion.

Plaintiffs argue that turning thirty-five has not prevented them from being hired or performing their duties. Nonetheless, the Legislature could rationally have chosen to encourage younger persons to become State corrections officers with the incentive of a more generous pension.

Accordingly, Judge Carchman's grant of summary judgment was proper, because it is appropriate and constitutional for N.J.S.A. 43:16A-3 and N.J.A.C. 17:4-2.5(a) to limit PFRS eligibility to persons who become State corrections officers when they are not over thirty-five years old.[9]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[9] Therefore, we need not address the merits of plaintiffs' claim that res judicata did not justify the dismissal of thirty-seven plaintiffs by the Law Division based on their dismissal from the federal lawsuit. Even if the dismissal by the Law Division was inappropriate, summary judgment would also have been granted against those plaintiffs for the reasons set forth above.