NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2789-14T2

NATHAN GIBSON,

    Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
POLICE AND FIREMEN'S
RETIREMENT SYSTEM,

    Respondent-Respondent.

_____

Submitted February 14, 2017 — Decided July 19, 2017

Before Judges Koblitz and Sumners.

On appeal from the Board of Trustees, Police
and Firemen's Retirement System, PFRS No. 3-81172.

Feeley & La Rocca, L.L.C. and The Blanco Law
Firm, L.L.C., attorneys for appellant
(Pablo N. Blanco, of counsel and on the brief).

Christopher S. Porrino, Attorney General,
attorney for respondent (Melissa Dutton
Schaffer, Assistant Attorney General, of counsel;
Amy Chung, Deputy Attorney General, on the brief).

PER CURIAM

    Nathan Gibson appeals from the January 13, 2015 final decision

of the Board of Trustees of the Police and Firemen's Retirement

System (Board), which denied his application for accidental disability retirement benefits, N.J.S.A 43:16A-7. We affirm.

We glean the following facts and procedural history from the record. Gibson began his employment with Lacey Township Police Department as a patrol officer in 1996. In 2006, he suffered neck pain from his uniform and vest, and was prescribed a muscle relaxant. In 2008, Gibson was treated for neck stiffness, headaches, and swelling on the right side of his face. He was prescribed a muscle relaxant for a couple of months, and his ailments resolved themselves.

In May 2009, Gibson was assigned to the position of Traffic Safety Coordinator, responsible for handling serious and fatal motor vehicle accidents, reviewing motor vehicle accident reports, and overseeing extra patrols for driving while intoxicated violations. On September 8, 2009, Gibson felt pain in his left shoulder when he attempted to unhook and lift a large electronic traffic warning sign from a trailer to place it on the roadside. A short time later, he experienced pain from the left side of his neck, down his back, and into his left arm and fingers. He did not report the incident until September 29. Approximately a year later, after his complaints were not resolved through muscle relaxants, physical therapy, and epidural injections, Gibson had disc fusion surgery at C5-6 and C6-7 and plating insertion.

The Board denied Gibson's subsequent application for accidental disability retirement benefits. Gibson appealed the ruling, and a contested hearing was held before an Administrative Law Judge (ALJ).

Gibson testified that he still suffered from radiating pain down his neck through his left arm, and numbness in his left hand since the 2009 incident. He contended that he is no longer capable of performing his duties as a police officer. In particular, he cannot qualify to use his service revolver, and is unable to restrain and arrest a criminal suspect. Moreover, he stated that most of his workday is spent driving a police vehicle, which causes him pain.

Gibson presented the expert testimony of Dr. David Weiss, D.O., who performed a physical examination of Gibson, and reviewed Gibson's job description and medical records following the 2009 incident. Dr. Weiss opined that Gibson was totally and permanently disabled from his duties as a police officer, substantially due to injuries sustained from the 2009 incident, and to a lesser extent, an aggravation of pre-existing age-related disc degeneration. Although Dr. Weiss did not review any medical records related to Gibson's pre-2009 complaints of pain, he believed that Gibson's current ailments were not related to issues

he experienced prior to the 2009 incident because they had resolved by then.

Dr. Gregory S. Maslow gave expert testimony for the State. He opined that Gibson could return to full duty as a police officer because there was no clinical evidence of a current cervical or lumbar injury to warrant total and permanent disability. Dr. Maslow acknowledged that Gibson suffered a cervical sprain with cervical radiculitis from the 2009 incident, but testified that Gibson's present complaints were due to degenerative changes of the cervical spine over time, not from the incident. The doctor found support in x-ray images from 2006 that revealed lower cervical degeneration and neuroforaminal narrowing, as well as medical records from 2007 that noted degenerative joint disease.

In his Initial Decision, the ALJ ruled that, in accordance with Richardson v. Board of Trustees, Police and Firemen's Ret. Sys., 192 N.J. 189, 212-13 (2007), Gibson proved the 2009 incident was undesigned and unexpected because:

> It is uncommon and unanticipated that a sign trailer would pivot and move toward [Gibson], causing his body to twist and pushing his body up against a car, as occurred here. The movement of the trailer was not at all within [Gibson's] control and [he] was not willfully negligent. [His] injuries are a consequence that is extraordinary or unusual when placing a sign trailer in position.

4

The ALJ, however, found that Gibson did not meet his burden of proof that he was totally and permanently disabled from working as a police officer as a direct result of the 2009 incident. The ALJ found that, although both experts were credible, he found Dr. Maslow's testimony more convincing. The ALJ reasoned that Dr. Maslow stated his examination of Gibson revealed "normal results of objective reflex and strength testing[,]" and he "did not find any objective atrophy and explained that any spasms should have subsided after six months[,]" from the time of Gibson's spinal surgery. On the other hand, Dr. Weiss's opinion was based predominately on subjective tests, and thus, not as persuasive. The ALJ concluded that Gibson's degenerative disc disease was relieved through corrective surgery, and his current neck discomfort does not make him totally and permanently disabled from performing his police officer's duties.

Additionally, the ALJ found that Gibson failed to prove his injuries were not due to pre-existing degenerative disease that was accelerated or aggravated by his regular work duties. He noted that both experts recognized Gibson was suffering from cervical degenerative changes prior to the 2009 incident, but found Dr. Maslow's testimony was more convincing as to the cause of Gibson's disability. The ALJ discredited Dr. Weiss's opinion that Gibson's current issues were not related to the pre-2009

complaints because Dr. Weiss did not review the medical records pertaining to those complaints. Thus, Dr. Maslow's reliance upon those records to form his opinion that Gibson was suffering from degenerative disc disease, unrelated to the 2009 incident, was more persuasive.

On January 13, 2015, the Board adopted the ALJ's recommendation denying Gibson's application for accidental disability retirement benefits.[1]

On appeal, Gibson contends that the ALJ and Board erred in denying him accidental disability benefits by requiring him to prove that the 2009 incident was the sole cause of his disability. He argues that he only needed to prove that the 2009 incident caused his disability in combination with an underlying degenerative disease. He asserts that he is totally and permanently disabled from performing the duties of a police officer based upon his medical records, his testimony and that of Dr. Weiss. We disagree.

Our scope of "review of administrative agency action is limited. 'An administrative agency's final quasi-judicial

---

[1] In addition, the Board's decision "rejected the [ALJ's] unsupported finding that [] Gibson's injury is a consequence that is extraordinary or unusual in common experience[,]" and found "that there was an unintended external happening, and the [2009 incident] is considered undesigned and unexpected."

A-2789-14T2

decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record.'" Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011) (quoting In re Herrmann, 192 N.J. 19, 27-28 (2007)).

"Generally, courts afford substantial deference to an agency's interpretation of a statute that the agency is charged with enforcing." Richardson, supra, 192 N.J. at 196. "Such deference has been specifically extended to state agencies that administer pension statutes[,]" because "'a state agency brings experience and specialized knowledge to its task of administering and regulating a legislative enactment within its field of expertise.'" Piatt v. Police & Firemen's Ret. Sys., 443 N.J. Super. 80, 99 (App. Div. 2015) (quoting In re Election Law Enf't Comm'n Advisory Op. No. 01-2008, 201 N.J. 254, 262 (2010)).

In order to secure accidental disability retirement benefits, an applicant must prove each of the following elements:

>    1.  that he is permanently and totally disabled;
>
>    2.  as a direct result of a traumatic event that is
>
>    a. identifiable as to time and place,
>
>    b. undesigned and unexpected, and

c. caused by a circumstance external to the member (not the result of pre-existing disease that is aggravated or accelerated by the work);

3. that the traumatic event occurred during and as a result of the member's regular or assigned duties;

4. that the disability was not the result of the member's willful negligence; and

5. that the member is mentally or physically incapacitated from performing his usual or any other duty.

[Russo, supra, 206 N.J. at 30 (quoting Richardson, supra, 192 N.J. at 212-13).]

Applying these principles here, we affirm substantially for the reasons stated in the ALJ's Initial Decision, which was adopted by the Board, that Gibson was not eligible for accidental disability retirement benefits. It was determined that Gibson was not totally and permanently disabled from performing the duties of a police officer based upon a credibility assessment of the parties' expert testimony. Further, although not necessary to the decision given the determination that Gibson was not sufficiently disabled, the evidence supports the finding that Gibson's condition was due to a pre-existing degenerative disc disease alone and not from the 2009 work-related incident. We discern no basis for disturbing the Board's decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8

A-2789-14T2