**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1952-18T2

PATRICIA MONTERO,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM,

     Respondent-Respondent.

_____

Submitted June 30, 2020 – Decided July 20, 2020

Before Judges Vernoia and Rose.

On appeal from the Board of Trustees of the Public Employees' Retirement System, Department of the Treasury, PERS No. 2-10-235688.

Patricia Montero, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Donna Sue Arons, Assistant Attorney General, of counsel; Jeffrey David Padgett, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner Patricia Montero appeals from the New Jersey Division of Pension and Benefits (Division) final decision denying her appeal from a May 21, 2012 decision of the Board of Trustees (Board) of the Public Employees' Retirement System (PERS) rejecting her request to reactivate a PERS account following her January 1, 2009 retirement after a layoff and subsequent reinstatement on July 30, 2010. The Division concluded Montero's appeal, which was filed nearly six years after the Board's May 21, 2012 decision, was time-barred under N.J.A.C. 17:1-1.3(d). We agree and affirm.

## I.

The pertinent facts are not in dispute. Montero became employed by Bergen County, and enrolled in PERS, in 1997. In July 2008, Montero was laid off effective August 29, 2008. She challenged the layoff in an appeal to the Civil Service Commission (Commission).

While her appeal was pending, and following the layoff, Montero filed for a deferred PERS retirement effective January 1, 2009. Her retirement was approved by the Board, and, in February 2009, she began receiving retirement benefits as a Tier 1 PERS member.[1]

---

[1] "PERS members are categorized by specific membership tiers based on enrollment date. Membership tiers affect a member's enrollment and retirement

Eighteen months later, in July 2010, it was determined Montero had displacement rights over another employee who had not been laid off, and, as a result, Montero was reinstated to her position effective July 31, 2010. In an August 20, 2010 letter, the Division advised Montero that the Tier 1 retirement benefits she had been receiving were suspended upon her reinstatement; she was reenrolled effective August 1, 2010 in a new PERS account as a Tier 4 member; and she would receive both Tier 1 and Tier 4 benefits when she retired a second time.

In April 2011, the Commission determined that Montero's appeal from her layoff became moot when she was reinstated on July 31, 2010, and that her claimed entitlement to back pay, benefits, and counsel fees would be addressed in a separate decision. On May 7, 2011, the Commission issued its final decision in Montero's appeal from her layoff, determining the layoff was the result of an administrative error in calculating Montero's title rights and was not the result of bad faith or invidious motivation. The Commission therefore determined she was not entitled to a counsel fee award or back pay and benefits during the layoff period.

---

eligibility." Public Employees' Retirement System (PERS) Member Handbook, p. 7 (Feb. 2020) https://nj.gov/treasury/pensions/documents/guidebooks/persbook.pdf (last visited June 30, 2020).

In February 2012, Montero requested the Division allow her to rescind her January 1, 2009 retirement and combine her initial PERS Tier 1 account and the PERS Tier 4 account in which she was enrolled following her July 30, 2010 reinstatement. In a March 7, 2012 letter, the Division rejected Montero's request, explaining a retiree may change their retirement options only during the first thirty days following their effective retirement date. The Division found Montero's effective retirement date was January 1, 2009; she had only until January 31, 2009 to request a change; and she failed to request a change during that thirty-day period.

The Division also noted the Commission's decision that Montero was not entitled to back pay or benefits during the period following the layoff and prior to her reinstatement. The Division explained that, because it was determined she was not entitled to benefits during that time, the PERS statute did not allow her to purchase that time toward her pension and did not permit an award of pension service credit for that time.

Montero appealed the Division's decision to the Board. She claimed she initially retired and collected benefits after she was laid off because she did not know she would be reinstated. She also argued her two pension accounts should be combined because it was not her fault she was laid off.

4

In a May 21, 2012 letter decision, the Board denied Montero's appeal from the denial of her request to reactivate her initial PERS account or allow an award of additional service credit. The Board found that although Montero was reinstated to her position after it was determined she should not have been laid off, it lacked the authority to reopen her initial PERS account or award service credit for the layoff period because she did not receive an award of back pay or benefits.

The Board's letter also notified Montero that if she disagreed with the decision, she had forty-five days to submit a written statement to the Board setting forth the reasons for her disagreement. The decision further advised that "[i]f no such written statement is received within the [forty-five-day] period, the determination of the Board shall be final." The forty-five-day period ended on July 5, 2012.

Montero did not file the required written statement appealing the Board's decision by July 5, 2012, and, instead, she waited six years. In a May 23, 2018 letter from her counsel, Montero requested the Board "reopen" its decision and claimed the Board erred six years earlier because it did not consider a statute, N.J.S.A. 43:15A-8, which Montero asserted authorized her reenrollment in the initial PERS account upon her reinstatement even without an award of back pay

or benefits. The letter did not offer any reason, argument, or evidence excusing Montero's failure to file her appeal within the forty-five-day period set forth in the Board's May 21, 2012 decision.

In an August 21, 2018 decision, the Board noted that it reviewed Montero's counsel's May 23, 2018 letter, as well as Montero's "personal statements," but that her appeal from the May 21, 2012 decision was filed almost six years beyond the forty-five-day deadline.[2] The Board therefore denied as untimely Montero's request to appeal the Board's decision.

Montero appealed, and on November 15, 2018, the Board issued its final decision. The Board noted that N.J.A.C. 17:1-1.3(d) provides a forty-five-day time period to appeal from a Board determination, and, in accordance with the regulation, the May 21, 2012 decision advised Montero that if she did not file an appeal within forty-five days, the decision would be final. The Board found Montero failed to file her appeal within the requisite timeframe and instead waited six years to attempt to appeal from the Board's decision. The Board observed Montero acknowledged she did not file a timely appeal and asserted she "did not do so due to health reasons," but the Board again noted the six-year

[2] Petitioner has not included in the record on appeal the "personal statements" to which the Board referred in its August 21, 2018 decision.

A-1952-18T2

delay in filing the appeal and denied the appeal as untimely.[3] This appeal followed.

## II.

"Our review of administrative agency action is limited. 'An administrative agency's final quasi-judicial decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record.'" Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011) (citations omitted). "A reviewing court 'may not substitute its own judgment for the agency's, even though the court might have reached a different result.'" In re Stallworth, 208 N.J. 182, 194 (2011) (citation omitted).

"[C]ourts afford substantial deference to an agency's interpretation of a statute that the agency is charged with enforcing." Richardson v. Bd. of Trs., Police & Firemen's Ret. Sys., 192 N.J. 189, 196 (2007). "Such deference has been specifically extended to state agencies that administer pension statutes," because "'a state agency brings experience and specialized knowledge to its task of administering and regulating a legislative enactment within its field of expertise.'" Piatt v. Police & Firemen's Ret. Sys., 443 N.J. Super. 80, 99 (App.

---

[3] The Board's decision refers to its review of "records provided by [Montero's] health care provider," but Montero has not supplied on appeal the records submitted to the Board.

Div. 2015) (citations omitted).  However, "[a]n appellate court, . . . is 'in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue.'"  Richardson, 192 N.J. at 196 (citation omitted).  We "apply de novo review to an agency's interpretation of a statute or case law."  Russo, 206 N.J. at 27.

In her pro se brief on appeal, Montero argues the merits of the Board's May 21, 2012 decision, claiming the Board erred by failing to properly consider the provisions of N.J.S.A. 43:15A-8.  In making the argument, however, she fails to recognize that she appeals only from the Board's November 15, 2018 decision finding her appeal from the May 21, 2012 decision was untimely.[4]  In its November 15, 2018 decision, the Board did not consider the merits of its May 21, 2012 decision, nor was it required to do so.  Instead, it considered only whether Montero's putative appeal from the May 21, 2012 decision was timely.  We therefore do not address the merits of Montero's claim the Board erred in

---

[4] The Board's May 21, 2012 decision is not properly before this court on appeal for three separate but equally dispositive reasons.  First, petitioner had no appeal as of right from the decision because it was not a final agency decision.  R. 2:2-3(a)(2).  Second, even assuming the decision was a final agency decision, Montero did not file a timely appeal from it.  R. 2:4-1(b).  Third, Montero does not identify the decision in her notice of appeal.  See 1266 Apartment Corp. v. New Horizon Deli, Inc., 368 N.J. Super. 456, 459 (App. Div. 2004) ("[I]t is only the judgment or orders designated in the notice of appeal which are subject to the appeal process and review.").

2012, and we consider only the Board's November 15, 2018 decision rejecting her appeal as untimely.

Under N.J.A.C. 17:1-1.3(b), the Board's May 21, 2012 decision became final unless Montero "file[d] a request for a hearing within [forty-five] days after the date of the written notice of the decision." See also N.J.A.C. 17:1-1.3(d) (providing that unless a written statement challenging the Board's decision is submitted within forty-five days, the Board's decision "shall be final"). Montero does not dispute she received the Board's decision on or about May 21, 2012; she was aware of the forty-five-day deadline for filing her request for a hearing and submitting a written statement challenging the decision; and she failed to either timely request a hearing or submit a written statement. Based on those undisputed facts, we discern no basis to conclude the Board's decision rejecting Montero's clearly untimely appeal was arbitrary, capricious, or unreasonable. See Russo, 206 N.J. at 27.

We reject Montero's argument the Board erred in denying her appeal because pensioners have a right to reopen pension grants upon a showing of good cause and reasonable diligence. Montero relies on Steinmann v. State, Department of Treasury, where the Court found a public employee pension board "may honor a pensioner's request to reopen her retirement selection after

it is due and payable if a showing of good cause, reasonable grounds, and reasonable diligence has been made." 116 N.J. 564, 573 (1989). That is not the circumstance here.

In her counsel's May 23, 2018 letter, Montero did not seek to reopen a retirement selection she had made. As the letter recognized, in 2012 Montero challenged the Board's May 21, 2012 decision denying her request to consolidate her pension accounts and for service credit following the period between her layoff and reinstatement. In her counsel's May 23, 2018 letter, Montero sought only "to reopen the Board's May 21, 2012 decision." Thus, unlike the plaintiff in Steinmann who sought to reopen her selection of pension benefits, in May 2018 plaintiff sought to revisit an adverse 2012 Board decision that she failed to timely challenge. As noted, in its November 15, 2018 decision, the Board denied the request to reopen the six-year-old decision as untimely.

Montero's brief also suggests she was prevented from timely challenging the Board's May 21, 2012 decision due to health issues. To the extent we may broadly interpret the argument as a claim her belated appeal should be deemed timely under the doctrine of equitable tolling, we find no merit to it.

"Equitable tolling is traditionally reserved for limited occasions." F.H.U. v. A.C.U., 427 N.J. Super. 354, 379 (App. Div. 2012). A statute of limitations

may be tolled "(1) [if] the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his [or her] rights, or (3) if the plaintiff has timely asserted his [or her] rights mistakenly in the wrong forum . . . ." Ibid.; see also Freeman v. State, 347 N.J. Super. 11, 31 (App. Div. 2002).

Equitable tolling affords relief from "inflexible, harsh or unfair application of a statute of limitations, but it requires the exercise of reasonable insight and diligence by a person seeking its protection." Villalobos v. Fava, 342 N.J. Super. 38, 52 (App. Div. 2001). However, "absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Freeman, 347 N.J. Super. at 31.

There is no evidence showing Montero failed to timely appeal from the Board's May 21, 2012 decision due to trickery or because she was misled about her appeal rights. The Board fully and accurately advised Montero of the deadline for filing her appeal in its decision. Moreover, the record on appeal is bereft of any evidence demonstrating she was prevented from exercising her right to appeal. See F.H.U., 427 N.J. Super. at 379. She vaguely argues in

11

conclusory fashion that health issues prevented her from filing a timely appeal, but there is simply no evidence demonstrating any purported health issue prevented her from filing an appeal for the six years following the Board's decision. Thus, even giving Montero the benefit of a very broad reading of the arguments asserted in her pro se brief, there is no basis to conclude the time within which she could properly appeal was equitably tolled until her counsel's May 23, 2018 letter.

Montero's remaining argument—that there were factual issues requiring an evidentiary hearing—is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1952-18T2