NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0938-15T3

CRAIG ROGERS,

 Petitioner-Appellant,

 v.

BOARD OF TRUSTEES, POLICE
AND FIREMEN'S RETIREMENT
SYSTEM,

 Respondent-Respondent.
_____________________________________________________________

 Submitted April 25, 2017 – Decided June 15, 2017

 Before Judges Gilson and Sapp-Peterson.

 On appeal from the Board of Trustees, Police
 and Firemen's Retirement System, PFRS No.
 3-10-046274.

 Fusco & Macaluso Partners, LLC, attorneys for appellant
 (Amie E. DiCola, on the briefs).

 Christopher S. Porrino, Attorney General, attorney
 for respondent (Melissa H. Raksa, Assistant Attorney
 General, of counsel; Amy Chung, Deputy Attorney
 General, on the brief).

PER CURIAM

 Petitioner Craig Rogers appeals from the final agency

decision of the Board of Trustees, Police and Firemen's Retirement
System (Board), denying his application for accidental disability

and granting him ordinary disability. The Board adopted the

findings of the Administrative Law Judge (ALJ), who concluded that

petitioner failed to meet "his burden of presenting sufficient

competent and credible evidence of facts essential to his claim."

We affirm.

 Petitioner, a more than eighteen-year veteran of the City of

Newark Police Department, sustained an injury during a training

course conducted on October 25, 2011. The course was part of a

four-day mandatory training program designed to instruct officers

in physical combat skills as an alternative to using deadly force.

Petitioner was performing his physical exercises on a large one-

inch-thick foam mat. The mat consisted of several sections all

joined together by duct tape.

 Just before his injury, petitioner was training on the mat,

along with six of his colleagues. The colleagues were all present

at the time petitioner sustained his injury. According to

petitioner, he had been seated performing physical exercises, when

his instructor directed him to stand. As he stood up the seam of

the mat separated, causing the mat to buckle under him, resulting

in his fall.

 On June 11, 2012, petitioner applied for accidental

disability retirement benefits. In the application, petitioner

 2 A-0938-15T3
certified that he became disabled as a result of "injuries

sustained during physical combat training, torn meniscus, ligament

in the left knee." On January 14, 2013, the Board denied

petitioner's application. The Board found that petitioner was

totally and permanently disabled from performing his duties as a

law enforcement officer as a result of the October 25, 2011

incident, but concluded that the incident causing his injuries was

"not undesigned and unexpected." The Board granted petitioner

ordinary disability benefits as of October 1, 2012.

 Petitioner timely appealed this decision and requested a

hearing before the Office of Administrative Law, which was granted.

After a series of adjournment requests on the part of both sides,

the ALJ conducted a hearing. The sole issue to be resolved was

whether the October 25, 2001 incident causing petitioner's injury

was an "undesigned and unexpected" traumatic event.

 Following the hearing, the ALJ issued a written opinion in

which he concluded that petitioner failed to meet "his burden of

presenting sufficient competent and credible evidence of facts

essential to his claim." The ALJ found that neither in

petitioner's application for accidental disability nor in the

orthopedist's report, issued two years after the incident, were

there any references to a defective or malfunctioning mat. The

ALJ noted "petitioner acknowledged that the only report in the

 3 A-0938-15T3
record that mentions the mat in connection with his injury is the

Police Investigation Report." The ALJ additionally observed that

there were other colleagues present, none of whom sustained any

injury, as well as petitioner's instructor, who was not called to

testify during the hearing. The ALJ found that petitioner's

testimony was not credibly corroborated and that the nature of his

injury could not be characterized as "'extraordinary or unusual'

because injuring his left knee while exercising is neither

extraordinary nor unusual in common experience." The ALJ also

noted that the "record shows that the instructor was present at

the time of incident; however, he was not called to testify."

 On September 25, 2015, the Board adopted this decision,

denying accidental disability benefits to petitioner, but awarding

ordinary disability benefits to him. This appeal followed.

 On appeal petitioner contends he is entitled to accidental

disability because his accident met the statutory definition of a

"traumatic event" pursuant to N.J.S.A. 43:16A-7, and because he

is permanently and totally disabled from his regular and assigned

duties as a direct result of the October 25, 2011 incident.

 Our scope of review of "administrative agency action is

limited. An administrative agency's final quasi-judicial decision

will be sustained unless there is a clear showing that it is

arbitrary, capricious, or unreasonable, or that it lacks fair

 4 A-0938-15T3
support in the record.'" Russo v. Bd. of Trs., Police & Firemen's

Ret. Sys., 206 N.J. 14, 27 (2011) (quoting In re Herrmann, 192

N.J. 19,27-28 (2007)).

 "Generally, courts afford substantial deference to an

agency's interpretation of a statute that the agency is charged

with enforcing." Richardson v. Bd. of Trs., Police & Firemen's

Ret. Sys., 192 N.J. 189, 196 (2007). "Such deference has been

specifically extended to state agencies that administer pension

statutes[,]" because "'a state agency brings experience and

specialized knowledge to its task of administering and regulating

a legislative enactment within its field of expertise.'" Piatt

v. Police & Firemen's Ret. Sys., 443 N.J. Super. 80, 99 (App. Div.

2015) (quoting In re Election Law Enf't Comm'n Advisory Op. No.

01-2008, 201 N.J. 254, 262 (2010)).

 In order to secure the accidental disability benefits, an

applicant must prove each of the following elements:

 1. that he is permanently and totally
 disabled;

 2. as a direct result of a traumatic event
 that is

 a. identifiable as to time and place,

 b. undesigned and unexpected, and

 c. caused by a circumstance external to
 the member (not the result of pre-

 5 A-0938-15T3
 existing disease that is aggravated
 or accelerated by the work);

 3. that the traumatic event occurred during
 and as a result of the member's regular or
 assigned duties;

 4. that the disability was not the result of
 the member's willful negligence; and

 5. that the member is mentally or physically
 incapacitated from performing his usual or any
 other duty.

 [Russo, supra, 206 N.J. at 30 (quoting
 Richardson, supra, 192 N.J. at 212-13).]

Here, the only disputed issue before the ALJ was whether the

injury-producing event was "undesigned and unexpected."

 The ALJ explained that "[t]here is no reason to expect that

a seam in a mat held together by duct tape, won't give way if one

moves from a seated position to a standing position with one foot

admittedly on the tape[,]" and as such, no "unexpected happening"

occurred. The ALJ further determined that petitioner stood at the

point where multiple mats were held together by duct tape, and

that the mat "gave in, which was the intended purpose for the mat

under increased pressure and weight."

 Petitioner did not call any witnesses to corroborate the

testimony or provide any evidence of the mat's alleged defects.

Petitioner was the only witness who testified about the defective

mat, and how the injury sustained was caused by this alleged

 6 A-0938-15T3
defect. While the incident report corroborates petitioner's

testimony that the foam mat "gave in" when he stood up, as the ALJ

found, that is the intended purpose of a foam mat. Petitioner

produced no competent contrary evidence nor did he produce any

evidence that the particular mat was otherwise defective.

 Furthermore, as correctly stated by the ALJ, petitioner only

provided photographs of the mat that were taken "a significant

period after the date of the incident." Petitioner's reliance

upon Moran v. Bd. Of Trs., Police & Firemen's Ret. Sys., 438 N.J.

Super. 346 (App. Div. 2014), and Brooks v. Bd. of Trs., Pub. Emps.

Ret. Sys., 425 N.J. Super. 277 (App. Div. 2012), is misplaced. In

both cases, the inquiry involved a question of law applied to

undisputed facts. Here, by contrast, the inquiry is factual.

 Petitioner argues the injury occurred because of a defective

foam mat. However, documentary evidence reflected that petitioner

never causally linked his injury to a defective mat. Petitioner

failed to produce other witnesses to corroborate his contention,

although six colleagues and an instructor were present at the time

he sustained his injury. Further, petitioner presented no expert

testimony establishing that the mat was defective either in form

or the manner in which it was connected to other mats with duct

tape. The ALJ did not credit petitioner's testimony.

 7 A-0938-15T3
 Under the arbitrary, capricious, or unreasonable standard,

our scope of review is guided by three major inquiries: (l) whether

the agency's decision conforms with relevant law; (2) whether the

decision is supported by substantial credible evidence in the

record; and (3) whether in applying the law to the facts, the

administrative agency clearly erred in reaching its conclusion.

In re Stallworth, 208 N.J. 182, 194 (2011).

 When an agency decision satisfies such criteria, we accord

substantial deference to the agency's fact-finding and legal

conclusions, acknowledging "the agency's 'expertise and superior

knowledge of a particular field.'" Circus Liquors, Inc. v.

Governing Body of Middletown, 199 N.J. 1, 10 (2009) (quoting

Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992)).

We will not substitute our judgment for the agency's even though

we might have reached a different conclusion. Stallworth, supra,

208 N.J. at 194; see also In re Taylor, 158 N.J. 644, 656-57 (1999)

(discussing the narrow appellate standard of review for

administrative matters).

 Applying these principles here, we discern no basis for

disturbing the Board's decision rejecting petitioner's claim for

accidental disability benefits and awarding ordinary disability

benefits.

 Affirmed.

 8 A-0938-15T3