NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0950-15T2

NATALIE BALISTA,

 Petitioner-Appellant,

v.

BOARD OF TRUSTEES, POLICE AND
FIREMEN'S RETIREMENT SYSTEM,

 Respondent-Respondent.
__________________________________

 Argued January 24, 2017 – Decided September 5, 2017

 Before Judges Espinosa and Guadagno.

 On appeal from the Board of Trustees of the
 Police and Firemen's Retirement System,
 Department of Treasury, PFRS No. 3-10-48274.

 Christopher A. Gray argued the cause for
 appellant (Sciarra & Catrambone, LLC,
 attorneys; Mr. Gray, on the briefs).

 Amy Chung, Assistant Chief Deputy Attorney
 General, argued the cause for respondent
 (Christopher S. Porrino, Attorney General,
 attorney; Melissa H. Raksa, Assistant
 Attorney General, of counsel; Robert E.
 Kelly, Deputy Attorney General, on the
 brief).
PER CURIAM

 Petitioner Natalie Balista appeals from the October 26,

2015 decision of the Board of Trustees (Board) of the Police and

Firemen's Retirement System (PFRS), adopting the decision of

Administrative Law Judge Elia A. Pelios denying petitioner's

application for accidental disability retirement benefits. We

affirm.

 Petitioner testified before Judge Pelios that she became

employed as a full-time police officer with the Borough of Pine

Beach in 2002. On March 17, 2011, petitioner was dispatched to

provide assistance to a woman who had fallen and could not get

up. When petitioner arrived at the victim's home, she observed

an elderly woman sitting on the ground by herself near the front

walkway. The victim showed no signs of distress1 and told

petitioner she was "fine" but just needed help to get up.

 Petitioner testified she "walked behind [the victim,]

squatted down and put my arms under her arms." Petitioner

experienced difficulty in lifting the victim and had to

"struggle because [the victim] was not assisting . . . at all."

The victim later told petitioner she had undergone double knee

1
 Petitioner did not know whether emergency medical services
(EMS) had been called, and explained that Pine Beach does not
have EMS and relies on neighboring towns in the event of a
medical emergency.

 2 A-0950-15T2
replacement surgery and could not help with the lift. The

entire incident lasted less than one minute. After petitioner

made sure the victim got into her house, she left.

 After the incident, petitioner began to experience back and

shoulder symptoms. An MRI conducted on March 25, 2011, revealed

rotator cuff tendonitis. Several steroid injections were

followed by arthroscopic surgery of the right shoulder in May

2011. In April 2012, petitioner underwent back surgery.

Petitioner attempted to return to work in February 2013, but was

unable to fulfill her job requirements. A second back surgery

followed in July 2013.

 In a comprehensive written decision, Judge Pelios concluded

"there was no accident or external event . . . which caused the

injury to petitioner." The Board then adopted Judge Pelios'

findings and conclusions in the final agency decision under

review.

 On appeal, petitioner argues the events giving rise to this

incident were undesigned and unexpected, and therefore she is

entitled to an accidental disability pension.

 Our review of administrative agency action is limited, and

we generally "afford substantial deference to an agency's

interpretation of a statute that the agency is charged with

enforcing." Richardson v. Bd. of Trs., Police & Firemen's Ret.

 3 A-0950-15T2
Sys., 192 N.J. 189, 196 (2007). "Such deference has been

specifically extended to state agencies that administer pension

statutes," because "'a state agency brings experience and

specialized knowledge to its task of administering and

regulating a legislative enactment within its field of

expertise.'" Piatt v. Police & Firemen's Ret. Sys., 443 N.J.

Super. 80, 99 (App. Div. 2015) (quoting In re Election Law Enf't

Comm'n Advisory Op. No. 01-2008, 201 N.J. 254, 262 (2010)). We

are not "bound by the agency's interpretation of a statute or

its determination of a strictly legal issue." Richardson, supra,

192 N.J. at 196 (quoting In re Taylor, 158 N.J. 644, 658

(1999)). We "apply de novo review to an agency's interpretation

of a statute or case law." Russo v. Bd. of Trs., Police &

Firemen's Ret. Sys., 206 N.J. 14, 27 (2011).

 The PFRS provides for both ordinary, N.J.S.A. 43:16A-6, and

accidental, N.J.S.A. 43:16A-7, disability benefits. "The main

difference between the two is that ordinary disability

retirement need not have a work connection. . . . [and] an

accidental disability retirement entitles a member to receive a

higher level of benefits than those provided under an ordinary

disability retirement." Patterson v. Bd. of Trs., State Police

Ret. Sys., 194 N.J. 29, 42-43 (2008). A PFRS member is eligible

to "be retired on an accidental disability retirement allowance"

 4 A-0950-15T2
if "the member is permanently and totally disabled as a direct

result of a traumatic event occurring during and as a result of

the performance of his regular or assigned duties." N.J.S.A.

43:16A-7(1).

 The Court in Richardson held that a claimant for accidental

disability retirement benefits must prove:

 1. that he is permanently and totally
 disabled;

 2. as a direct result of a traumatic event
 that is

 a. identifiable as to time and place,

 b. undesigned and unexpected, and

 c. caused by a circumstance external to
 the member (not the result of pre-
 existing disease that is aggravated or
 accelerated by the work);

 3. that the traumatic event occurred during
 and as a result of the member's regular or
 assigned duties;

 4. that the disability was not the result of
 the member's willful negligence; and

 5. that the member is mentally or physically
 incapacitated from performing his usual or any
 other duty.

 [Richardson, supra, 192 N.J. at 212-13.]

 The Richardson Court explained:

 the fact that a member is injured while
 performing his ordinary duties does not
 disqualify him from receiving accidental

 5 A-0950-15T2
 disability benefits; some injuries sustained
 during ordinary work effort will pass muster
 and others will not. The polestar of the
 inquiry is whether, during the regular
 performance of his job, an unexpected
 happening, not the result of pre-existing
 disease alone or in combination with the work,
 has occurred and directly resulted in the
 permanent and total disability of the member.

 [Id. at 214.]

 The main question before Judge Pelios was whether the

accident was "undesigned and unexpected," thereby satisfying the

traumatic event requirement as set forth in Richardson. Id. at

212-13. Petitioner testified that, during her nine years as a

Pine Beach police officer, she had rendered similar assistance

"many times" while responding to calls where someone needed to

be lifted. Relying on this testimony, Judge Pelios concluded,

"Petitioner sustained her injury while and from performing

exactly the task she undertook and intended to perform: lifting

the woman from the ground."

 We agree that petitioner's injury was not "undesigned and

unexpected." Although she did not expect to be injured when she

lifted the elderly woman, the injury was "not an extraordinary

or unusual consequence in common experience." Russo v. Teachers'

Pension & Annuity Fund, 62 N.J. 142, 154 (1973).

 Affirmed.

 6 A-0950-15T2