**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3505-17T1

GEORGE RICE,

      Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM,

      Respondent-Respondent.

_____

Submitted May 7, 2019 – Decided June 4, 2019

Before Judges Hoffman and Geiger.

On appeal from the Board of Trustees of the Public Employees' Retirement System, Department of the Treasury, PERS No. 2-1282190.

George Rice, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Thomas R. Hower, Deputy Attorney General, on the brief).

PER CURIAM

Appellant George Rice appeals from a final agency decision of respondent Board of Trustees, Public Employees' Retirement System (PERS Board), denying his request to purchase service credit from September 20, 1986 to April 30, 2005.  We affirm.

Appellant was hired by Cumberland County on October 11, 1983 as a temporary employee.  He was continuously employed by the County in various temporary positions at least partially funded pursuant to the Job Training Partnership Act (JTPA), 29 U.S.C.A. §§ 1501 to 1792b, and its successor program, the Workforce Investment Act (WIA), 29 U.S.C.A. §§ 2801 to 2945, until the County passed a resolution, effective May 1, 2005, which converted appellant to a regular County employee.  Appellant then became a member of the Public Employees' Retirement System (PERS).

On May 10, 2010, appellant submitted an application with the Division of Pensions and Benefits (the Division) to purchase service credit for October 11, 1983 through April 30, 2005.  The Division informed appellant he was only eligible to purchase service credit for his temporary employment from the time of his original employment in 1983 until the enactment of L. 1986, c. 109, which became effective September 19, 1986.  Chapter 109 provided:

> A temporary employee who is employed under
> the [JTPA] shall not be eligible for [PERS] membership

. . . . Membership for temporary employees employed under the [JTPA] who are in the system on the effective date of this 1986 amendatory act shall be terminated, and affected employees shall receive a refund of their accumulated deductions as of the date of commencement of employment in a [JTPA] program. Such refund of contributions shall serve as a waiver of all benefits payable to the employee, to his dependent or dependents, or to any of his beneficiaries under the retirement system.

[Ibid.]

Chapter 109, codified at N.J.S.A. 43:15A-7(h), was subsequently amended to bar membership of temporary employees employed under the WIA. L. 2007, c. 92.

The PERS Board affirmed the determination of the Division, and voted to deny appellant's request to purchase service credit for the period from September 20, 1986 through April 30, 2005. The PERS Board also affirmed the Division's decision to allow appellant to purchase service credit for the period from October 11, 1983 through September 19, 1986.

Appellant appealed the PERS Board's decision and the matter was transferred to the Office of Administrative Law as a contested case. The Administrative Law Judge (ALJ) affirmed the PERS Board's decision. The ALJ found appellant's request to purchase service credit for the period from September 20, 1986 through April 30, 2005 was barred by N.J.S.A. 43:15A-7(h)

and our decision in <u>Lewis v. Board of Trustees, Public Employees' Retirement System</u>, 366 N.J. Super. 411 (App. Div. 2004). The PERS Board voted to adopt the ALJ's decision with minor factual modifications.

Notwithstanding N.J.S.A. 43:15A-7(h) and our decision in <u>Lewis</u>, appellant argues his request to purchase service credit is authorized by N.J.S.A. 43:15A-7(b), which provides, in relevant part, that any "temporary employee with at least one year's continuous service" is a PERS member. We disagree.

Judicial "review of administrative agency action is limited. 'An administrative agency's final quasi-judicial decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record.'" <u>Russo v. Bd. of Trs., Police & Firemen's Ret. Sys.</u>, 206 N.J. 14, 27 (2011) (quoting <u>In re Herrmann</u>, 192 N.J. 19, 27-28 (2007)). We "afford substantial deference to an agency's interpretation of a statute that the agency is charged with enforcing." <u>Richardson v. Bd. of Trs., Police & Firemen's Ret. Sys.</u>, 192 N.J. 189, 196 (2007) (citing <u>R & R Mktg., LLC v. Brown-Forman Corp.</u>, 158 N.J. 170, 175 (1999)). "Such deference has been specifically extended to state agencies that administer pension statutes," because "a state agency brings experience and specialized knowledge to its task of administering and regulating a legislative enactment within its field of

expertise." Piatt v. Police & Firemen's Ret. Sys., 443 N.J. Super. 80, 99 (App. Div. 2015) (quoting In re Election Law Enf't Comm'n Advisory Op. No. 01-2008, 201 N.J. 254, 262 (2010)).

In Lewis, we confronted the interplay between N.J.S.A. 43:15A-7(b) and N.J.S.A. 43:15A-7(h) and concluded "the PERS Board correctly interpreted and applied subsections (b) and (h) of N.J.S.A. 43:15A-7 by recognizing the supremacy of the latter." 366 N.J. Super. at 420. Lewis was continually employed by Salem County in various temporary positions pursuant to the JTPA and its precursor, the Comprehensive Employment Training Act, 29 U.S.C.A. §§ 801 to 999, from 1974 until the County passed a resolution in 1993, which made his position permanent. Id. at 414. After Lewis retired, he applied to "purchase prior service credit to augment his pension." Ibid. Although the PERS Board allowed Lewis "to purchase credit for his temporary employment from the time of his original employment in 1974 until the enactment of subsection (h) in 1986," ibid. n.3, it "prohibited the purchase of additional service credit for the period between September 19, 1986 and April 1, 1993," ibid.

The PERS Board based its decision on N.J.S.A. 43:15A-7(h). Ibid. Lewis argued his right to purchase prior service credit was governed by N.J.S.A.

43:15A-7(b). Id. at 415. This court "carefully considered the language and purposes" of subsections (b) and (h), including comments made by then-Governor Kean when he returned the original version of Chapter 109 to the Legislature unsigned,[1] and held "the broader class of employees contained in subsection (b) was intended to be limited by the more specific, narrower subset of employees described in subsection (h)." Id. at 415, 420.

We see no reason to depart from our decision in Lewis. We conclude that the PERS Board correctly interpreted and applied subsections (b) and (h) of N.J.S.A. 43:15A-7 in determining appellant could not purchase service credit during the period his temporary positions were at least partially funded under the JTPA or WIA.

Appellant's arguments lack sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] We noted Governor Kean refused to sign the original version of Chapter 109, which allowed JTPA employees the option of PERS membership. Id. at 419 n.6. We found it significant that the final version of Chapter 109 signed into law contained a blanket exclusion on PERS membership for JTPA employees. Id. at 419.

A-3505-17T1