**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-6019-17T1

RONALD TANKO,

      Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM,

      Respondent-Respondent.

_____

Argued September 17, 2019 – Decided October 25, 2019

Before Judges Accurso and Gilson.

On appeal from the Board of Trustees, Public Employees' Retirement System, PERS No. 2-1074685.

Samuel Michael Gaylord argued the cause for appellant (Gaylord Popp LLC, attorneys; Samuel Michael Gaylord, on the brief).

Christopher Robert Meyer, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Christopher Robert Meyer, on the brief).

PER CURIAM

Appellant, Ronald Tanko, a former juvenile detention officer, appeals from a July 20, 2018 final administrative determination by the Board of Trustees, Public Employees Retirement System (Board), which denied his application for accidental disability retirement benefits. Appellant argues that the Board erred in finding that the incident that caused his physical injuries was not "undesigned and unexpected." We disagree and affirm.

I.

For approximately seventeen years, from 1999 to 2016, appellant was employed as a juvenile detention officer at the Middlesex County Detention Center. On July 28, 2015, appellant was stationed outside the library of the detention center when two juveniles began fighting. Appellant went into the library and restrained the larger juvenile while his partner restrained the smaller juvenile. Appellant testified that he pulled the larger juvenile off the smaller one, pushed the larger juvenile into the corner, and held him in the corner. Other officers then responded and the two juveniles who had been fighting were removed.

While restraining the larger juvenile appellant began to feel pain in his shoulder. Thereafter, he went to retrieve his radio that he had dropped, and he

felt pain in his arm. A nurse at the center gave appellant an ice pack and later he received medical treatment for his injuries. Appellant was out of work for several months and he was evaluated by a workers' compensation doctor. He returned to work on February 28, 2016, but he was not medically cleared for full duty and, after February 28, 2016, appellant never returned to work.

In March 2016, appellant applied for accidental disability retirement benefits contending that he had permanent injuries to his right shoulder based on the 2015 incident. The Board granted appellant ordinary disability retirement benefits, but denied accidental disability retirement benefits determining that the incident was not undesigned and unexpected.

Appellant administratively appealed and the matter was transferred to the Office of Administrative Law (OAL) for a hearing before an administrative law judge (ALJ). At the hearing, the parties stipulated to certain facts and the ALJ determined that the only issue in dispute was whether the incident was undesigned and unexpected. After reviewing the documents that were submitted by the parties, and hearing the testimony from appellant, the ALJ issued an initial decision on May 30, 2018.

The ALJ found that appellant's job duties included "calming disruptive juvenile residents, and physically restraining them from endangering themselves

3

or others." The ALJ also found that appellant "testified candidly that he was required to intervene in any physical altercations, and had done so hundreds of times in his seventeen-year career." The ALJ then found that there was no evidence that an unexpected event occurred during the incident and that the incident was not undesigned and unexpected. Accordingly, the ALJ concluded that appellant had "not met the burden of proving all of the elements necessary to show eligibility for an accidental disability retirement allowance by a fair preponderance of the evidence." The ALJ, therefore, affirmed the decision to deny appellant accidental disability retirement benefits.

On July 20, 2018, the Board adopted the ALJ's initial decision and affirmed the denial of appellant's application for accidental disability retirement benefits. Appellant appeals from the Board's decision.

II.

On appeal, appellant argues that the incident causing his disability was undesigned and unexpected and he is, therefore, entitled to accidental disability retirement benefits. We disagree.

Our review of an administrative agency determination is limited. In re Carter, 191 N.J. 474, 482 (2007). We will sustain a board's decision "'unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that

4

it lacks fair support in the record.'" Russo v. Bd. of Trs., Police and Firemen's Ret. Sys., 206 N.J. 14, 27 (2011) (quoting In re Herrmann, 192 N.J. 19, 27-28 (2007)). Under this standard our scope of review is guided by three major inquiries: (1) whether the agency's decision conforms with relevant law; (2) whether the decision is supported by substantial credible evidence in the record; and (3) whether in applying the law to the facts, the administrative "'agency clearly erred in reaching'" its conclusion. In re Stallworth, 208 N.J. 182, 194 (2011) (quoting Carter, 191 N.J. at 482-83).

We are not bound by an agency's statutory interpretation or other legal determinations. Russo, 206 N.J. at 27 (quoting Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973)). Nevertheless, we accord "substantial deference to the interpretation given" by the agency to the statute it is charged with enforcing. Bd. of Educ. v. Neptune Twp. Educ. Ass'n, 144 N.J. 16, 31 (1996) (citing Merin v. Maglaki, 126 N.J. 430, 436-37 (1992)). "Such deference has been specifically extended to state agencies that administer pension statutes[,]" because "'a state agency brings experience and specialized knowledge to its task of administering and regulating a legislative enactment within its field of expertise.'" Piatt v. Police & Firemen's Ret. Sys., 443 N.J. Super. 80, 99 (App.

5

Div. 2015) (quoting In Re Election Law Enf't Comm'n Advisory Op. No. 01-2008, 201 N.J. 254, 262 (2010)).

A claimant seeking accidental disability retirement benefits must prove five factors:

> 1.      that he [or she] is permanently and totally disabled;
>
> 2.      as a direct result of a traumatic event that is
>
>> a.      identifiable as to time and place,
>> b.      undesigned and unexpected, and
>> c.      caused by a circumstance external to the member (not the result of pre-existing disease that is aggravated or accelerated by the work);
>
> 3.      that the traumatic event occurred during and as a result of the member's regular or assigned duties;
>
> 4.      that the disability was not the result of the member's willful negligence; and
>
> 5.      that the member is mentally or physically incapacitated from performing his [or her] usual or any other duty.
>
> [Richardson v. Bd. of Trs., 192 N.J. 189, 212-13 (2007).]

See also N.J.S.A. 43:15A-43.

To be traumatic, an event must be "undesigned and unexpected." Richardson, 192 N.J. at 212. "The polestar of the inquiry is whether, during the regular

6

performance of his [or her] job, an unexpected happening, not the result of pre-existing disease alone or in combination with the work, has occurred and directly resulted in the permanent and total disability of the member." Id. at 214.

Here, the ALJ found that there was no evidence of an unexpected happening. In that regard, the ALJ noted that appellant candidly acknowledged that breaking up physical altercations between juvenile residents was part of his job and he had done that many times during his career. Given our limited standard of review, we discern no basis to disagree with the factual findings made by the Board or its legal conclusion that appellant had not established that he was entitled to accidental disability retirement benefits.

Appellant contends that he is entitled to accidental disability retirement benefits because his incident is analogous to the incident in Moran v. Board of Trustees, Police and Firemen's Retirement System, 438 N.J. Super. 346 (App. Div. 2014). The facts giving rise to our holding in Moran were markedly different from the facts of this case. In Moran a firefighter was awarded accidental disability retirement benefits for injuries he sustained when he kicked in a front door of a burning building without a battering ram or any specialized equipment ordinarily used in such circumstances. Id. at 355. In contrast, appellant did not claim that he lacked specialized equipment or resources he

would have ordinarily had access to while breaking up a fight between two juveniles.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION