**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2666-18T3

MARISA HENDERSON,

     Plaintiff-Appellant,

v.

BOARD OF TRUSTEES,
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM,

     Defendant-Respondent.

_____

Argued telephonically March 24, 2020 –
Decided May 18, 2020

Before Judges Fisher and Gilson.

On appeal from the Board of Trustees of the Public Employees' Retirement System, Department of the Treasury, PERS No. 2-10-316238.

Samuel Michael Gaylord argued the cause for appellant (Gaylord Popp, LLC, attorneys; Samuel Michael Gaylord, on the brief).

Alison Keating, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant

Attorney General, of counsel; Alison Keating, on the brief).

PER CURIAM

Appellant, Marisa Henderson, appeals from a final agency decision by the Board of Trustees, Public Employees' Retirement System (Board) that denied her application for accidental disability retirement benefits. Discerning nothing arbitrary, capricious, or unreasonable in the Board's decision, we affirm.

I.

For approximately twelve years, appellant worked as a secretarial assistant at The College of New Jersey. In 2015, she was an assistant to a vice-president at the college and her duties included secretarial work.

On January 22, 2015, and February 3, 2015, appellant was exposed to odors from Mistolin, a commercial cleaning product. According to appellant, on both occasions she smelled a strong odor after the regular cleaning crew had sprayed a cleaning product in the area around where she was working. Shortly thereafter, she had difficulty breathing and both times she was taken to a hospital to be examined. Following the incident on February 3, 2015, appellant did not return to work.

In August 2016, appellant filed for accidental disability retirement benefits. On January 18, 2017, the Board determined that appellant was totally

and permanently disabled from working and granted her ordinary disability retirement. The Board denied her application for accidental disability finding that her disability was not a result of a traumatic event because "there was no actual accident or external happening."

Appellant administratively appealed and the matter was transferred to the Office of Administrative Law as a contested case. On July 25, 2018, an Administrative Law Judge (ALJ) conducted a one-day hearing and heard testimony from appellant, who was the only witness. The ALJ issued an initial decision on December 6, 2018, affirming the denial of appellant's application for accidental disability.

The ALJ found that the only issue presented to him was whether appellant's disability was caused by "a traumatic event." In that regard, the ALJ noted that the Board had previously determined that appellant was permanently disabled from performing her usual duties, both incidents occurred when she was at work, and the disability was not the result of her willful negligence. The ALJ then found that neither incident was a traumatic event because nothing unexpected happened. Specifically, the ALJ found that Mistolin was a common product used by cleaning crews and there was no evidence that an inordinate amount of the chemical was used. The ALJ then concluded:

The cleaning crew participated in cleaning the office as they had done for the prior three years. There was no testimony form the appellant that she was sprayed with the chemical unexpectedly nor was there any credible expert testimony that the chemical used was used in an improper or hazardous matter. Simply put, there was no evidence or testimony that would support that a traumatic event occurred.

On January 22, 2019, the Board adopted the ALJ's decision and affirmed the denial of the application for accidental disability retirement benefits.[1] Appellant appeals from the Board's decision.

II.

On appeal to us, appellant argues that the two incidents were traumatic events and, therefore, she is entitled to accidental disability benefits. Appellant also contends that the ALJ erred in considering the issue of whether the events were undesigned and unexpected. We disagree and affirm.

Our review of an administrative agency determination is limited. In re Carter, 191 N.J. 474, 482 (2007). We will sustain a board's decision "unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Russo v. Bd. of Trs., Police & Firemen's Ret.

_____

[1] The Board made two minor factual modifications to the ALJ's decision. The Board noted that the ALJ had twice cited to the disability application when the factual support for those cites was from the applicant's interrogatory answers.

Sys., 206 N.J. 14, 27 (2011) (quoting In re Herrmann, 192 N.J. 19, 27-28 (2007)). Under this standard our scope of review is guided by three major inquiries: (1) whether the agency's decision conforms with relevant law; (2) whether the decision is supported by substantial credible evidence in the record; and (3) whether in applying the law to the facts, the administrative "agency clearly erred in reaching" its conclusion. In re Stallworth, 208 N.J. 182, 194 (2011) (quoting Carter, 191 N.J. at 482-83).

We are not bound by an agency's statutory interpretation or other legal determinations. Russo, 206 N.J. at 27 (quoting Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973)). Nevertheless, we accord "substantial deference to the interpretation given" by the agency to the statute it is charged with enforcing. Bd. of Educ. of Neptune v. Neptune Twp. Educ. Ass'n, 144 N.J. 16, 31 (1996) (citing Merin v. Maglaki, 126 N.J. 430, 436-37 (1992)). "Such deference has been specifically extended to state agencies that administer pension statutes" because "a state agency brings experience and specialized knowledge to its task of administering and regulating a legislative enactment within its field of expertise." Piatt v. Police & Firemen's Ret. Sys., 443 N.J. Super. 80, 99 (App. Div. 2015) (first citing Richardson v. Bd. of Trs., Police &

Firemen's Ret. Sys., 192 N.J. 189, 196 (2007); then quoting In Re Election Law

Enf't Comm'n Advisory Op. No. 01-2008, 201 N.J. 254, 262 (2010)).

A claimant seeking accidental disability retirement benefits must prove

five factors:

> 1.     that he [or she] is permanently and totally disabled;
>
> 2.     as a direct result of a traumatic event that is
>
>> a.     identifiable as to time and place,
>>
>> b.     undesigned and unexpected, and
>>
>> c.     caused by a circumstance external to the member (not the result of pre-existing disease that is aggravated or accelerated by the work);
>
> 3.     that the traumatic event occurred during and as a result of the member's regular or assigned duties;
>
> 4.     that the disability was not the result of the member's willful negligence; and
>
> 5.     that the member is mentally or physically incapacitated from performing his [or her] usual or any other duty.
>
> [Richardson, 192 N.J. at 212-13.]

See also N.J.S.A. 43:15A-43.

A-3608-18T5

To be traumatic, an event must be "undesigned and unexpected." Richardson, 192 N.J. at 212. "The polestar of the inquiry is whether, during the regular performance of [her] job, an unexpected happening, not the result of pre-existing disease alone or in combination with the work, has occurred and directly resulted in the permanent and total disability of the member." Id. at 214.

Here, the ALJ found, and the Board agreed, that there was no evidence of an unexpected happening. In that regard, the ALJ noted that the building where appellant worked was regularly cleaned and there was no evidence that appellant was exposed to an unusual amount of cleaner or that the cleaning product used was hazardous. Given our limited standard of review, we discern no basis to disagree with the factual findings made by the Board or its legal conclusion that appellant had not established that she was entitled to accidental disability retirement benefits.

Appellant also argues that the ALJ went beyond the scope of the issue that was presented at the contested hearing. Specifically, appellant contends that the only issue that should have been addressed was whether there was an accident or an external happening. Appellant goes on to contend that she limited her evidence to that issue and thereby was prejudiced. We discern no prejudice.

In its initial determination, the Board specifically found that appellant's disability did not result from "a traumatic event." Consequently, the issue of whether there was a traumatic event was properly before the ALJ. The question of whether an event is a traumatic event includes a determination whether the event was undesigned and unexpected. See id. at 212-13; N.J.S.A. 43:15A-43. Consequently, the issue of whether the incident was undesigned and unexpected was properly before the ALJ. It was appellant's obligation to prove that her disabling injury was "a direct result of an identifiable, unanticipated mishap." Brooks v. Bd. of Trs., Pub. Employee Ret. Sys., 425 N.J. Super. 277, 284-85 (App. Div. 2012) (quoting Richardson, 192 N.J. at 213). She failed to establish an unanticipated mishap.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3608-18T5