**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5530-18T1

DIANE RAMOS,

    Plaintiff-Appellant,

v.

BOARD OF TRUSTEES,
POLICE AND FIREMEN'S
RETIREMENT SYSTEM,

    Defendant-Respondent.

_____

Argued November 10, 2020 – Decided  December 23, 2020

Before Judges Gilson and Moynihan.

On appeal from the Board of Trustees, Police and Firemen's Retirement System, Department of the Treasury, PFRS No. 3-10-52994.

Samuel M. Gaylord argued the cause for appellant (Gaylord Popp, LLC, attorneys; Samuel M. Gaylord, on the brief).

Alison Keating, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant

Attorney General, of counsel; Alison Keating, on the brief).

PER CURIAM

Appellant Diane Ramos appeals from a final agency decision of the Board of Trustees, Police and Firemen's Retirement System of New Jersey (Board), which granted her ordinary retirement benefits, but denied her accidental disability retirement benefits. Appellant contends that the Board used the wrong legal standard and its decision was not supported by credible evidence. We disagree and affirm.

## I.

Appellant worked as a corrections officer for approximately nine years, from 2007 to 2016. In March 2010, appellant injured her right knee. She underwent arthroscopic surgery in January 2011 and was found to have "a full-thickness chondral lesion of her lateral femoral condyle." She was initially cleared for full duty in March 2011 but returned to modified duty in April 2011. She was again cleared for full duty in June 2011.

On April 28, 2012, appellant twisted her right knee when she fell over during a struggle with an inmate. In May 2012, her treating physician, Dr. Bradford Tucker, diagnosed her as having "[r]ight knee lateral femoral condyle chondral lesion (exasperation of symptoms)." Dr. Tucker found:

It is within a reasonable degree of medical probability that the patient reinjured the right knee as this cause related to the injury at work on December 28, 2011, which was originally causally related to an injury at work from March 23, 2010, these are all related, it is all due to the same problem. She has a chondral lesion on lateral femoral condyle.

Following two surgeries on her right knee in November 2012 and September 2013, appellant was cleared to return to work "without restrictions" in October 2013. She returned to work around November or December 2013. In March 2015, appellant stopped working in anticipation of another surgery on her right knee, which was performed in June 2015. Thereafter, she did not return to work.

In April 2016, appellant applied for accidental retirement benefits. The Board determined that appellant was totally and permanently disabled, granted her ordinary disability retirement benefits, but denied her accidental disability retirement benefits. The Board found that appellant's disability was "the result of a pre-existing disease alone or a pre-existing disease that [was] aggravated or accelerated by the work effort."

Appellant administratively appealed, and the matter was transferred to the Office of Administrative Law as a contested case. An Administrative Law Judge (ALJ) conducted a two-day hearing in September 2018. The ALJ heard

testimony from appellant, Dr. David Weiss, a medical expert for appellant, and Dr. Andrew Hutter, a medical expert for the Board.

Appellant testified about the April 28, 2012 incident that led to her knee injury. Dr. Weiss reviewed appellant's medical records and diagnosed her with an "aggravation of [a] pre-existing chondromalacia of the right knee from [a] workers' compensation injury [in] 2010 with arthroscopic surgery [in] January 2011." He concluded that appellant was totally and permanently disabled as a direct result of her injury on April 28, 2012.

Dr. Hutter also reviewed appellant's medical records and agreed that she was totally and permanently disabled from working as a corrections officer. He concluded that the injury in April 2012 was not the direct cause of her disability. While acknowledging that the April 28, 2012 incident "exacerbated the pre-existing condition," Dr. Hutter concluded "that injury was not the primary cause" of appellant's disability.

After closing the record in April 2019, the ALJ issued his initial decision on June 4, 2019. The ALJ found that appellant had failed to prove "that her disability was the direct result of a traumatic event[.]" Accordingly, the ALJ recommended that the denial of appellant's application for accidental disability benefits be affirmed.

On July 9, 2019, the Board adopted the decision by the ALJ affirming the denial. In making its ruling, the Board accepted the findings made by the ALJ, but corrected certain errors concerning inaccurate dates, inaccurate citations, and typographical errors. Appellant now appeals from the Board's final decision.

## II.

Before us, appellant contends that she demonstrated her disability was substantially caused by the April 28, 2012 incident. In support of that position, she argues that the ALJ and Board used the wrong legal standard because the ALJ found that the April 28, 2012 incident was not the cause of her disability without considering whether the incident was a "substantial cause" of her disability.

Our review of an administrative agency determination is limited. In re Carter, 191 N.J. 474, 482 (2007). We will sustain a board's decision "'unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record.'" Russo v. Bd. of Trs., Police and Firemen's Ret. Sys., 206 N.J. 14, 27 (2011) (quoting In re Herrmann, 192 N.J. 19, 27-28 (2007)). Under this standard, our scope of review is guided by three major inquiries: (1) whether the agency's decision conforms with relevant law; (2)

whether the decision is supported by substantial credible evidence in the record; and (3) whether in applying the law to the facts, the administrative "'agency clearly erred in reaching'" its conclusion. In re Stallworth, 208 N.J. 182, 194 (2011) (quoting Carter, 191 N.J. at 482-83).

We are not bound by an agency's statutory interpretation or other legal determinations. Russo, 206 N.J. at 27 (quoting Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973)). Nevertheless, we accord "substantial deference to the interpretation given" by the agency to the statute it is charged with enforcing. Bd. of Educ. v. Neptune Twp. Educ. Ass'n, 144 N.J. 16, 31 (1996) (citing Merin v. Maglaki, 126 N.J. 430, 436-37 (1992)). "Such deference has been specifically extended to state agencies that administer pension statutes[,]" because "'a state agency brings experience and specialized knowledge to its task of administering and regulating a legislative enactment within its field of expertise.'" Piatt v. Police & Firemen's Ret. Sys., 443 N.J. Super. 80, 99 (App. Div. 2015) (quoting In re Election Law Enf't Comm'n Advisory Op. No. 01-2008, 201 N.J. 254, 262 (2010)).

Appellant is a member of the Police and Firemen's Retirement System. That pension plan grants accidental disability retirement benefits if "the member is permanently and totally disabled as a direct result of a traumatic event

6

occurring during and as a result of the performance of his [or her] regular or assigned duties."  N.J.S.A. 43:16A-7(a)(1).  Accordingly, a claimant seeking accidental disability retirement benefits must prove five factors:

> 1.   that he [or she] is permanently and totally disabled;
>
> 2.   as a direct result of a traumatic event that is
>
>> a.   identifiable as to time and place,
>> b.   undesigned and unexpected, and
>> c.   caused by a circumstance external to the member (not the result of pre-existing disease that is aggravated or accelerated by the work);
>
> 3.   that the traumatic event occurred during and as a result of the member's regular or assigned duties;
>
> 4.   that the disability was not the result of the member's willful negligence; and
>
> 5.   that the member is mentally or physically incapacitated from performing his [or her] usual or any other duty.
>
> [Richardson v. Bd. of Trs., 192 N.J. 189, 212-13 (2007).]

The "direct result" requirement was intended "to impose a more exacting standard of medical causation."  Gerber v. Bd. of Trs., Pub. Emps. Ret. Sys., 83 N.J. 174, 185-86 (1980).  When there is an underlying condition that is aggravated by the trauma, the resulting disability is not accidental.  Id. at 186.

A-5530-18T1

The traumatic event must "constitute[] the essential significant or the substantial contributing cause of the resultant disability." Ibid. See also Petrucelli v. Bd. of Trs., Pub. Emps. Ret. Sys., 211 N.J. Super. 280, 281-84 (App. Div. 1986) (holding that the applicant's fall down a flight of stairs was a substantial cause of his disability despite pre-existing non-symptomatic arthritis).

There is no dispute that appellant is permanently disabled from working as a corrections officer. The issue is whether the April 2012 incident was a significant or substantial contributing cause of appellant's disability. The Board, relying on the findings by the ALJ, concluded that appellant did not prove causation. In reaching that conclusion, the Board relied on the testimony of the medical experts, who had reviewed appellant's medical records. We discern nothing arbitrary, capricious, or unreasonable in the Board's ruling. We also find that the Board's conclusion was supported by substantial credible evidence.

Appellant contends that the ALJ used the wrong legal standard by focusing on the "cause" as opposed to the "substantial cause" of her disability. A review of the record does not support appellant's argument. Initially, we note that we review the decision by the Board, not the decision by the ALJ. Nevertheless, the Board adopted the ALJ's findings. In making his findings, the ALJ expressly acknowledged that the April 2012 incident did not need to be the

sole cause of the disability. In applying his factual findings to the law, the ALJ stated: "Where the traumatic event constitutes 'the essential significant or substantially contributing cause' of the disability, an accidental disability retirement may be awarded." The ALJ then cited Petrucelli, 211 N.J. Super. at 288. Neither the Board nor the ALJ stated that the April 2012 incident needed to be the sole cause of the disability. Accordingly, we construe the decision by the Board and the ALJ to be consistent with the governing legal standard.

The evidence at the hearing clearly established that appellant had a pre-existing knee condition before the April 2012 incident. Significantly, however, appellant did not argue that the pre-existing condition was a traumatic event further exacerbated by another traumatic event. Instead, she relied only on the argument that the April 28, 2012 incident was a traumatic event significantly or substantially contributing to her disability. Both the Board and the ALJ rejected that argument and we discern nothing arbitrary, capricious, or unreasonable in that determination because there was substantial evidence to support the Board's conclusion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5530-18T1