**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3241-19

DERICK VEERDEN,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES, POLICE
AND FIREMEN'S RETIREMENT
SYSTEM,

     Respondent-Respondent.

_____

Submitted May 11, 2021 – Decided June 16, 2021

Before Judges Gilson and Gummer.

On appeal from Board of Trustees of the Police and Firemen's Retirement System, Department of the Treasury, Docket No. 3-10-05549.

Limsky Mitolo, attorneys for appellant (Marcia J. Mitolo, of counsel and on the briefs).

Robert Seymour Garrison, Jr., Director of Legal Affairs, PFRSNJ, attorney for respondent (Thomas R. Hower, Staff Attorney, on the brief).

PER CURIAM

Appellant Derick Veerden, a former Hudson County Corrections officer, appeals from an April 14, 2020 final administrative determination by the Board of Trustees of the Police and Firemen's Retirement System (Board), which denied his application for accidental disability retirement benefits. Appellant argues that the Board erred in finding that the incident that caused his physical injuries was not "undesigned and unexpected." Discerning no basis to disagree with the Board's findings, we affirm.

I.

From 1996 to 2018, appellant was employed as a corrections officer with the Hudson County Department of Corrections. On August 16, 2016, he injured his back while working when he went to assist a fellow officer break up a fight between two inmates.

In December 2017, appellant applied for accidental disability retirement benefits. The Board granted him ordinary disability but denied his application for accidental disability. Appellant administratively appealed and the matter was transferred for an evidentiary hearing before the Office of Administrative Law. An Administrative Law Judge (ALJ) conducted a hearing on May 31, 2019. Appellant and a fellow corrections officer, who was appellant's work

partner, testified at the hearing and the ALJ reviewed various documents, including reports on the incident.

Most of the material facts were not in dispute. On August 16, 2016, appellant was performing his normal duties of working with his partner, Officer Korey Wright, to transport immigration detainees from the Hudson County Correctional Facility to court hearings in New York. After appellant and Wright secured the inmates they were going to transport in a bullpen, another officer arrived in the area escorting two other inmates. That officer requested Wright's assistance to take handcuffs off the inmates. As the handcuffs were being removed, the two inmates began to fight. Appellant intervened to assist Wright and the other officer.

Appellant testified that he pulled the inmate off Wright and he "guessed" that he may have fallen backwards and hit concrete or a bench. He also testified that he then pushed one of the inmates into another cell and locked the door. In the contemporaneous report appellant wrote and submitted concerning the incident, he does not mention hitting his back on a bench or concrete.

After hearing the testimony, the ALJ found that:

> At the time [appellant] was in the bullpen with the secured inmates and Wright went to . . . the bullpen with [the other officer's] inmates and removed the handcuffs from one of the inmates. The uncuffed inmate began

3

fighting the other inmate with Wright between them. [Appellant] went to assist Wright by pulling one of the inmates off Wright. He pulled the inmate back and either "flung" the inmate into another bullpen or banged his back before securing the inmate in another cell. After locking the door[,] petitioner began to feel spasms in his back. It is not disputed that petitioner injured his back during the course of his scuffle with the inmate.

The ALJ then concluded that there was no evidence of an "unexpected happening" and, thus, appellant failed to establish that the incident that caused his injury was a traumatic event, which is a necessary finding to qualify for accidental disability retirement benefits. In making that conclusion, the ALJ noted that physically restraining unruly inmates was a regular part of appellant's job duties.

Appellant filed exceptions with the Board and after reviewing the record, the Board adopted the ALJ's decision. Accordingly, the Board granted ordinary disability but denied accidental disability retirement benefits. Appellant appeals from the Board's decision.

II.

On appeal, appellant argues that the Board ignored the credible evidence that his injury was caused by an "unexpected happening" and he is, therefore, entitled to accidental disability retirement benefits. Appellant also argues that

4

the Board and the ALJ misconstrued the governing law. We find no merit in either argument.

Our review of an administrative agency determination is limited. In re Carter, 191 N.J. 474, 482 (2007). We will sustain a board's decision "unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Russo v. Bd. of Trs., Police and Firemen's Ret. Sys., 206 N.J. 14, 27 (2011) (quoting In re Herrmann, 192 N.J. 19, 27-28 (2007)). Under this standard our scope of review is guided by three major inquiries: (1) whether the agency's decision conforms with relevant law; (2) whether the decision is supported by substantial credible evidence in the record; and (3) whether in applying the law to the facts, the administrative "agency clearly erred in reaching" its conclusion. In re Stallworth, 208 N.J. 182, 194 (2011) (quoting Carter, 191 N.J. at 482-83).

We are not bound by an agency's statutory interpretation or other legal determinations. Russo, 206 N.J. at 27 (quoting Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973)). Nevertheless, we accord "substantial deference to the interpretation given" by the agency to the statute it is charged with enforcing. Bd. of Educ. v. Neptune Twp. Educ. Ass'n, 144 N.J. 16, 31 (1996) (citing Merin v. Maglaki, 126 N.J. 430, 436-37 (1992)). "Such deference has

been specifically extended to state agencies that administer pension statutes[,]" because "a state agency brings experience and specialized knowledge to its task of administering and regulating a legislative enactment within its field of expertise." Piatt v. Police & Firemen's Ret. Sys., 443 N.J. Super. 80, 99 (App. Div. 2015) (quoting In re Election L. Enf't Comm'n Advisory Op. No. 01-2008, 201 N.J. 254, 262 (2010)).

A claimant seeking accidental disability retirement benefits must prove five elements:

> 1.    that he [or she] is permanently and totally disabled;
>
> 2.    as a direct result of a traumatic event that is
>
> > a.    identifiable as to time and place,
> > b.    undesigned and unexpected, and
> > c.    caused by a circumstance external to the member (not the result of pre-existing disease that is aggravated or accelerated by the work);
>
> 3.    that the traumatic event occurred during and as a result of the member's regular or assigned duties;
>
> 4.    that the disability was not the result of the member's willful negligence; and
>
> 5.    that the member is mentally or physically incapacitated from performing his [or her] usual or any other duty.

[Richardson v. Bd. of Trs., Police & Firemen's Ret. Sys., 192 N.J. 189, 212-13 (2007); see also N.J.S.A. 43:15A-43.]

To be traumatic, an event must be "undesigned and unexpected." Richardson, 192 N.J. at 212. "The polestar of the inquiry is whether, during the regular performance of his [or her] job, an unexpected happening, not the result of pre-existing disease alone or in combination with the work, has occurred and directly resulted in the permanent and total disability of the member." Id. at 214.

The central issue in this case is whether appellant suffered an injury because of an "undesigned and unexpected" event. The Board accepted the factual findings made by the ALJ. The ALJ, in turn, found that there was no evidence of an unexpected happening. In making that finding, the ALJ found that corrections officers routinely intervened in breaking up fights among inmates.

Consequently, the more focused issue was whether appellant's intervention in the fight between the two inmates constituted an "undesigned and unexpected" traumatic event. The ALJ did not credit appellant's testimony that he fell backwards and hit the concrete floor or a bench. Instead, the ALJ found that appellant had failed to sustain his burden. In making that finding, the

7

ALJ relied on the incident reports, which did not mention or refer to appellant falling and striking his back either on the concrete floor or a bench. In particular, the ALJ noted that appellant's own written report of the event, which he prepared on the day of the incident, did not reference appellant hitting his back on concrete or a bench.

That determinative factual finding is supported by substantial credible evidence in the record. In his incident report, appellant stated that

> I noticed [Wright] uncuff inmate [H] who was standing in cell 113: At that time [inmate H] attacked [inmate T] who was still handcuff[ed]. I immediat[e]ly ran over and assisted [Wright] in trying to separate the two inmates. At that time[,] [inmate H] bit [Wright] on his right hand, while helping separate the two inmates I hurt my back.

Given our limited scope of review, we discern no basis to disagree with the factual findings made by the Board or its legal conclusion that appellant had not established that he was entitled to accidental disability retirement benefits.

Appellant argues that a surge of force caused him to fall and strike a metal bench or concrete floor with one of the inmates on top of him. He then argues that the Board and ALJ ignored his credible testimony.

In making this argument, appellant seeks to have us reject the Board's factual findings and accept his testimony. That is not our role. Although the

A-3241-19

ALJ and Board did not expressly find that appellant was not credible, the ALJ and Board both found that there was no credible evidence that a surge of force caused appellant to fall and strike his back.

Appellant also argues that the Board and ALJ misconstrued the governing law. The governing law is well-established. To qualify for accidental disability retirement benefits, the petitioner must establish that a traumatic event occurred while the petitioner was performing his or her regular or assigned duties. Id. at 213. Our Supreme Court has made clear that the "work effort itself . . . cannot be the traumatic event." Id. at 211 (emphasis omitted).

Pulling two inmates apart and pushing one of them into a cell is not a traumatic event; rather, it is part of appellant's work responsibilities. The ALJ and Board did not find that there was an unexpected surge of force causing appellant to fall and strike his back either on metal, concrete, or a bench. Consequently, we do not discern that either the ALJ or the Board misconstrued the governing law. Instead, the Board and ALJ did not accept the factual contentions made by appellant.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3241-19