**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0677-22

MICHAEL BENT,

      Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
POLICE AND FIREMEN'S
RETIREMENT SYSTEM,

      Respondent-Respondent.

_____

Submitted March 12, 2024 – Decided April 23, 2024

Before Judges Sumners and Perez Friscia.

On appeal from the Board of Trustees of the Police and Firemen's Retirement System, Department of the Treasury, PFRS No. xx7006.

Alterman & Associates, LLC, attorneys for appellant (Arthur J. Murray, on the brief).

Nels J. Lauritzen, Deputy Director, Legal Affairs, attorney for respondent (Juliana C. DeAngelis, Legal Counsel, on the brief).

PER CURIAM

Petitioner Michael Bent appeals from a September 16, 2022 final agency decision (FAD) by the Board of Trustees (Board) of the Police and Firemen's Retirement System, which denied his application for accidental disability retirement (ADR) benefits pursuant to N.J.S.A. 43:16A-7(a)(1). We affirm.

I.

Bent worked as a senior patrolman with the Holland Township Police Department. On January 1, 2018, he responded to an emergency call, requiring that he expeditiously reach a suicidal individual. His physical exertion at the scene caused him to suffer a traumatic cardiac event. On April 9, 2019, the Board granted Bent ordinary disability retirement (ODR) benefits but denied his claim for ADR benefits. The Board concluded his "reported disability [wa]s not the direct result of a traumatic event, as the event [wa]s not caused by a circumstance external to the member" and the cause of his disability "[wa]s not undesigned and unexpected." After reconsideration, on May 10, the Board found Bent's disability was a direct result of the exertion required at the emergency call but continued its determination that the incident was not "undesigned and unexpected."

Bent appealed, and the Board transferred the matter to the Office of Administrative Law (OAL) as a contested case. Bent and his cardiologist

testified at the OAL hearing. On July 20, 2022, the Administrative Law Judge (ALJ) issued an initial written decision including her factual findings, which we now summarize.

Bent's response to the emergency welfare call required that he traverse an inclined driveway and climb two flights of steep stairs. The physical exertion caused him to become out of breath and feel ill. Waiting for other officers to arrive, Bent conversed with the distressed man, ensuring his safety. Feeling unwell, Bent left work early. The next day, Bent went to the hospital with progressively worsening symptoms and was diagnosed with suffering a heart attack. Bent underwent an extensive "cardiac surgery," which included six arterial bypasses.

Bent's cardiac condition rendered him permanently disabled from performing essential patrolman duties. The Department's "Rules, Regulations[,] Policies[,] and Procedures" (manual) states police officers' essential function requires they be able to: "run, sometimes sprint[] at a high rate of speed for a short distance . . . in physically hazardous locations"; "[a]scend or descend stairs"; and "[p]erform a variety of tasks involving different and sometimes contrasting skills in rapid succession during a short period of time."

A-0677-22

Bent's cardiologist testified as an expert opining Bent "developed heart disease immediately following his exertion" at the responding call. He diagnosed Bent with "multi-vessel coronary artery disease" and believed the level of exertion "triggered the heart attack."

The ALJ's initial decision acknowledged the parties did "not dispute Bent was totally and permanently disabled." She also noted because ADR benefits provided a substantially higher amount of compensation than ODR benefits, the eligibility requirements were also substantially higher. The ALJ, in affirming the denial of ADR benefits, primarily relied on Richardson v. Board of Trustees, Police and Firemen's Retirement System, 192 N.J. 189, 212 (2007), finding that while Bent's disability was caused from a "traumatic event," having a heart attack in the normal course of duty was not "undesigned and unexpected." Further, the ALJ found that "running up a steep incline and two flights of steep stairs[] in an extremely urgent manner [wa]s a regular and essential police officer duty and not outside the scope of his employment." On September 16, the Board adopted the ALJ's decision.

On appeal, Bent argues: because it is undisputed his disability was not caused by a pre-existing condition, it must be determined as a matter of law that

his emergency response actions were "not the result of ordinary work effort"; thus, the event was undesigned and unexpected.

## II.

Our review of an agency determination is limited. Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011). An appellate court "may not substitute its own judgment for the agency's, even though the court might have reached a different result." In re Stallworth, 208 N.J. 182, 194 (2011) (quoting In re Carter, 191 N.J. 474, 483 (2007)). An administrative agency's determination "will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Saccone v. Bd. of Trs., Police & Firemen's Ret. Sys., 219 N.J. 369, 380 (2014) (quoting Russo, 206 N.J. at 27).

While we review de novo an agency's interpretation of law, Russo, 206 N.J. at 27, "[w]e must give great deference to an agency's interpretation and implementation of its rules enforcing the statutes for which it is responsible." Piatt v. Bd. of Trs., Police & Firemen's Ret. Sys., 443 N.J. Super. 80, 99 (App. Div. 2015) (quoting Saint Peter's Univ. Hosp. v. Lacy, 185 N.J. 1, 13 (2005)). We "must be mindful of, and deferential to, the agency's 'expertise and superior knowledge of a particular field.'" Circus Liquors, Inc. v. Governing Body of

A-0677-22

Middletown Twp., 199 N.J. 1, 10 (2009) (quoting Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992)). "Such deference has been specifically extended to state agencies that administer pension statutes." Piatt, 443 N.J. Super. at 99.

To qualify for ADR benefits, an employee must demonstrate he or she "is permanently and totally disabled as a direct result of a traumatic event occurring during and as a result of the performance of his [or her] regular or assigned duties." N.J.S.A. 43:16A-7(a)(1). ADR "entitles a member to receive a higher level of benefits than those provided under an ordinary disability retirement." Patterson v. Bd. of Trs., State Police Ret. Sys., 194 N.J. 29, 43 (2008).

"[A] traumatic event is . . . an unexpected external happening that directly causes injury and is not the result of pre-existing disease alone or in combination with work effort." Richardson, 192 N.J. at 212. To establish entitlement to ADR benefits, a member must prove:

> 1. that he is permanently and totally disabled;
>
> 2. as a direct result of a traumatic event that is
>
> > a. identifiable as to time and place,
> >
> > b. undesigned and unexpected, and

A-0677-22

c. caused by a circumstance external to the member (not the result of pre-existing disease that is aggravated or accelerated by the work);

3. that the traumatic event occurred during and as a result of the member's regular or assigned duties;

4. that the disability was not the result of the member's willful negligence; and

5. that the member is mentally or physically incapacitated from performing his usual or any other duty.

[Id. at 212-13; see also N.J.S.A. 43:16A-7(a)(1).]

Our courts have concluded that the words "traumatic event" and "direct result" in the statute reflected the Legislature's intent "to make the granting of an accidental disability pension more difficult." Smith v. State, Dep't of Treasury, Div. of Pensions & Benefits, 390 N.J. Super. 209, 214 (App. Div. 2007) (quoting Kane v. Bd. of Trs., Police & Firemen's Ret. Sys., 100 N.J. 651, 661 (1985)).

III.

Having considered Bent's arguments in light of the record and applicable legal standards, we affirm the Board's FAD denying Bent's claim for ADR benefits. Here, substantial credible evidence in the record supports the ALJ's determination that while Bent's cardiac disability was caused from the January emergency response, it was not "undesigned and unexpected." As undesigned

A-0677-22

and unexpected as these circumstances might be for the ordinary person, urgently traversing an inclined driveway and two steep flights of stairs to assist a citizen with an emergency are within the regular course of a police officer's duties.

We are unpersuaded by Bent's argument that because his heart attack was caused by "extraordinary exertion," it "qualifies as an undesigned and unexpected traumatic event." Our Supreme Court has "characterized as '[t]he polestar of the inquiry' the question 'whether, during the regular performance of his job, an unexpected happening, not the result of pre-existing disease alone or in combination with the work, has occurred and directly resulted in the permanent and total disability of the member.'" Mount v. Bd. of Trs., 233 N.J. 402, 421 (2018) (quoting Richardson, 192 N.J. at 214).

As the ALJ found, Bent's claim is "based upon [a] disability he sustained while performing his regular work duties." The judge correctly reasoned, "[e]ven though Holland Township is a less active municipality that does not typically require police officers to respond to this type of challenge, that does not change the essential duties of police officer[s] that require a high level of exertion such as chasing and running." Notably, pursuant to the Department's manual, officers are required as an essential function to "run, sometimes sprint[]

8

at a high rate of speed for a short distance . . . in physically hazardous locations" and "[a]scend or descend stairs." While Bent's highly commendable actions surely saved a suicidal man, the necessary emergency response actions did not result from an external event that was "extraordinary or unusual."

The Board's decision was not arbitrary, capricious, or unreasonable, and did not constitute a mistake of law. Therefore, we discern no reason to disturb the Board's FAD affirmance of the denial of ADR benefits, finding Bent's disability resulted from "performing his usual and ordinary duties" and was not an "undesigned and unexpected" event.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0677-22