**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1952-23

K.P.,[1]

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM,

     Respondent-Respondent.

_____

Argued March 25, 2025 – Decided July 29, 2025

Before Judges Bishop-Thompson and Augostini.

On appeal from the Board of Trustees of the Public Employees' Retirement System, Department of the Treasury, PERS No. xx6414.

Samuel M. Gaylord argued the cause for appellant (Szaferman Lakind Blumstein & Blader, PC, attorneys; Samuel M. Gaylord, on the brief).

---

[1] We use initials to protect petitioner's privacy interest because we discuss his health related issues.

Payal Y. Ved, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Attorney General, attorney; Donna Arons, Assistant Attorney General, of counsel; Payal Y. Ved, on the brief).

PER CURIAM

Petitioner K.P. appeals from a January 18, 2024 final agency decision by the Board of Trustees of the Public Employees' Retirement System (Board), which denied his request for ordinary disability retirement (ODR) benefits. The Board adopted the initial decision of the Administrative Law Judge (ALJ), concluding petitioner had not demonstrated by a preponderance of the evidence that he was totally disabled and unable to perform the essential duties of his position. We affirm the Board's decision because there is substantial credible evidence supporting the Board's decision.

I.

Petitioner was employed by Somerset County from May 2009 through September 2020. Initially, petitioner was assigned to the Transportation Division and drove a minibus. In May 2018, petitioner was reassigned to the Recycling Division as a resource truck driver. As part of his job duties, petitioner was required to maintain a commercial driver's license (CDL) to perform recycling collection. In addition to driving a truck, petitioner emptied

recycling bins and sorted recyclables on the days that he completed his route early.

In October 2019, petitioner visited the emergency room at St. Luke's Hospital with complaints of fullness in his left ear, dizziness, and sinus issues. He was evaluated, prescribed medicine, and discharged from the hospital. Petitioner subsequently consulted an ear, nose, and throat specialist and began vestibular rehabilitation, a specialized form of physical therapy, to address inner ear imbalance.

In January 2020, petitioner returned to the hospital to address mental status changes and motor issues, as well as uncontrolled movements and tremors in his arms and legs. He was diagnosed with "tick like phenomenon," a non-life-threatening condition. Shortly thereafter, petitioner sought additional treatment at Robert Wood Johnson Hospital, complaining of body shaking, head tremors, and episodes of uncontrollable crying spells. A physician determined petitioner did not have a life-threatening condition and diagnosed him with a "functional neurological disorder."[2] That same month, petitioner consulted a

---

[2] Functional neurologic disorder (FND) refers to a neurological condition caused by changes in how brain networks work, rather than changes in the structure of the brain itself, as seen in many other neurological disorders. Physical symptoms of FND are genuine but cannot be explained by changes in

neurologist, who performed a twenty-four-hour electroencephalogram (EEG), a recording of electrical activity of the brain. The neurologist concluded that petitioner most likely had psychogenic non-epileptic seizures (PNES).[3]

Believing that his medical condition prevented him from meeting the requirements of his CDL, petitioner chose not to renew his license. Petitioner was subsequently terminated by Somerset County on September 15, 2020.

On January 25, 2021, petitioner applied for ODR benefits. At its August 18, 2021 meeting, the Board denied petitioner's application, determining that petitioner was "not totally and permanently disabled from the performance of [his] regular and assigned duties pursuant to N.J.S.A. 43:15A-42 and relevant case law." Petitioner appealed the Board's initial determination, and the matter was transmitted to the Office of Administrative Law as a contested case.

At the hearing, Petitioner testified on his own behalf and chronicled his medical treatment and diagnoses from medical providers. Petitioner testified

the brain structure. Functional Neurologic Disorder, National Institutes of Health, https://www.ninds.nih.gov/health-information/disorders/functional-neurologic-disorder (July 19, 2024).

[3] PNES are attacks that may look like epileptic seizures but are not caused by abnormal brain electrical discharges. Instead, they are caused by psychological or emotional distress, or stress related. Defining Psychogenic Non-Epileptic Seizures, University of South Florida Health, https://health.usf.edu/medicine/neurology/epilepsy (June 2013).

that he believed his dizziness prevented him from renewing his CDL or performing his job duties. He stated he could not drive a truck and could not perform his other job duties because he became paralyzed for "twenty [or] thirty seconds" and had problems looking from left to right. Based on a self-assessment, petitioner believed that he was no longer eligible to continue his CDL or obtain re-certification. At the time of the hearing, petitioner was under the care of a psychiatrist.

Both parties presented experts who testified about petitioner's perceived disability. The experts reviewed petitioner's medical records and conducted independent medical examinations. Dr. Anca Bereanu, petitioner's expert in neuropsychiatry and neurology, opined petitioner was "not qualified as a commercial driver" and "not able to perform his job as of 2019." Dr. Bereanu, however, did not review petitioner's job description. Dr. Bereanu concluded petitioner would need further psychological evaluation and treatment from a specialist in PNES, and should consult with a pain specialist. In contrast, the Board's neurologist, Dr. Steven Lomazow, opined there was no objective evidence to support "a diagnosis of any neurological disease" and concluded that petitioner "was capable of working."

A-1952-23

In a December 15, 2023 written decision, the ALJ affirmed the Board's initial decision denying ODR benefits, concluding petitioner had not proved by a preponderance of the evidence that he was totally disabled and unable to perform his duties as a resource truck driver. The ALJ found Dr. Lomazow's testimony more credible because his conclusions were more in accordance with petitioner's medical history, objective testing, and hospital records. In that regard, the ALJ noted that petitioner's medical records included a notation from a treating nurse practitioner that petitioner was not totally and permanently disable and was able to work. In a January 18, 2024 letter to petitioner, the Board adopted the ALJ's initial decision and affirmed the denial of petitioner's benefit application.

## II.

Petitioner's argument on appeal is that he satisfied his burden of proof and established that he is totally and permanently disabled. He contends that his medical records, along with his expert's testimony—which echoed the opinion of his treating physician—all support his credible testimony that he experiences seizures, unusual body movements, and balance issues. Petitioner further contends that he has demonstrated that he is unable to perform his regular or

6

assigned duties as a resource truck driver. We are not persuaded by these assertions.

Our "review of a pension board's decision in the fact sensitive matter of disability retirement benefits is limited." Rooth v. Bd. of Trs., Pub. Emps.' Ret. Sys., 472 N.J. Super. 357, 364 (App. Div. 2022) (citing Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018)). We will sustain an administrative agency's decision "unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." McKnight v. Bd. of Rev., Dep't of Lab., 476 N.J. Super. 154, 162 (App. Div. 2023) (quoting In re Herrmann, 192 N.J. 19, 27-28 (2007)).

However, an appellate court is not bound by an agency's interpretation of a statute or its determination of a strictly legal issue. Allstars Auto Grp., 234 N.J. at 158. Nevertheless, decisions "made by an administrative agency entrusted to apply and enforce a statutory scheme" are reviewed "under an enhanced deferential standard." E. Bay Drywall, LLC v. Dep't of Lab. & Workforce Dev., 251 N.J. 477, 493 (2022). "Such deference has been specifically extended to state agencies that administer pension statutes[,]" because "'a state agency brings experience and specialized knowledge to its task of administering and regulating a legislative enactment within its field of

expertise.'" Piatt v. Police & Firemen's Ret. Sys., 443 N.J. Super. 80, 99 (App. Div. 2015) (quoting In re Election L. Enf't Comm'n Advisory Op. No. 01-2008, 201 N.J. 254, 262 (2010)).

On appeal, the judicial role in reviewing an administrative action is generally limited to three inquiries:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [Allstars Auto Grp., 234 N.J. at 157 (quoting In re Stallworth, 208 N.J. 182, 194 (2011)).]

We discern no basis to disturb the credibility determinations of the ALJ as adopted by the Board. The ALJ adequately explained the Board's expert testified more reliably than petitioner's expert. Absent from the record is any objective neurological finding of a total and permanent disability. Thus, we conclude the Board's adoption of the ALJ's findings was not arbitrary, capricious, or unreasonable, and were fully supported by credible, objective medical evidence in the record and applicable law. To the extent we have not addressed specifically any of petitioner's remaining arguments, it is because we

8

have concluded that they are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division